# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| ZHENG LI,<br>a Georgia resident, | ) ) ) | |
| Plaintiff, | ) ) | |
| -vs.- | ) ) | CIVIL ACTION FILE NO.: |
| THE AFFORDABLE ART COMPANY, a Washington Company,<br>ALL POSTERS.COM, INC., a California Company and division of Art.com, Inc.,<br>AMANTI ART, LLC, a Wisconsin Limited Liability Company,<br>ART.COM, INC., a Delaware Corporation,<br>BAREWALLS INTERACTIVE ART, INC., a Delaware Corporation,<br>EDITIONS LIMITED WEST, INC., a California Corporation,<br>FRAMECRAFTERS, INC., a Texas Corporation sometimes doing business as My Art Habit,<br>FRANCHISE CONCEPTS, INC., a Delaware Corporation sometimes doing business as www.shopforart.com,<br>GOLDEN AGE INTERNATIONAL, LLC, a Florida Limited Liability Company,<br>HAYNEEDLE, INC., a Nebraska Company,<br>J AND S FRAMING, LLC, a Wisconsin Limited Liability Company,<br>J.C. PENNEY CORPORATION, INC., a Delaware Corporation,<br>KOHL'S CORPORATION, a Wisconsin Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |

KOHL'S DEPARTMENT STORES, INC.,      )
a Delaware Corporation,      )
LIBRARY IMAGES, an unincorporated      )
Massachusetts Company sometimes doing      )
business as Olde Yankee Map and Photo      )
Shoppe,      )
METAVERSE CORPORATION, a New      )
Jersey Corporation),      )
ONLINEWALL ART CORPORATION, a      )
Florida Corporation sometimes doing      )
business as ArtFuzz and GetArtPosters,      )
POSTER.COM, INC., a Delaware      )
Corporation,      )
POSTER REVOLUTION, a New York      )
Company and division of Art.com, Inc.,      )
POSTER 2 PRINTS, LLC, an Indiana      )
Limited Liability Company,      )
PRINTS.COM, INC., a Wisconsin      )
Corporation,      )
SOMERSET STUDIOS,      )
INCORPORATED, a California      )
Corporation,      )
SOMERSET STUDIOS OF NORTH      )
CAROLINA, INC., a North Carolina      )
Corporation,      )
THE PICTURE PEDDLER, INC. a      )
Washington Corporation, and      )
Z GALLERIE, a California Corporation,      )
      )
                Defendants.      )

# COMPLAINT

## NATURE OF THE ACTION AND RELIEF SOUGHT

1.

Plaintiff Zheng Li's claims arise out of a classic case of intellectual property theft.  Defendants have willfully and blatantly expropriated, mass-produced, distributed, marketed, sold and continue to sell for profit through various distribution channels knock-off prints and posters (collectively the "Infringing Works") of the established artist Zheng Li's original PIANO NO. 9—a unique, expressive original oil painting which Zheng Li created in 2004—giving rise to this copyright suit.

2.

The Infringing Works copy all the distinctively and unequivocally recognizable expressive elements of Zheng Li's original PIANO NO. 9 in their entire detail, incorporating and retaining the heart and essence of PIANO NO. 9, including, but not limited to, its combination of realism and abstractionism, classical inspiration and modern idea, and multi-color conflict of bold green and red against a contrasting black and green background.

3.

As the following side-by-side comparison illustrates, the striking similarity between Zheng Li's copyrighted PIANO NO. 9 painting (displayed below on the left) and the verbatim-copied print on canvas and posters that Defendants have made and sold, often under the name PIANO COLORATURA, based on Zheng Li's original PIANO NO. 9 (displayed below on the right), is patently obvious:

 

ZHENG LI—PIANO NO. 9          INFRINGING PIANO COLORATURA

A true and correct copy of this side-by-side comparison is attached as **Exhibit 1.**

4

4.

Defendants' infringement of Zheng Li's PIANO NO. 9, which is the subject of a federal copyright registration, is beyond question. The infringing reproductions are not merely strikingly similar to the original PIANO NO. 9 painting—they are virtually identical.

5.

At least one of the Defendants—Somerset Studios, Incorporated—appears to have created, mass-produced and sold the infringing PIANO COLORATURA from its studios including in Atlanta, to other defendants who, in turn, have sold the Infringing Works from art galleries, stores and from "virtual" world-wide web art galleries to buyers throughout the United States including in the State of Georgia and this judicial district.

6.

Somerset Studios, Incorporated even had the audacity to file a federal copyright registration on its infringing PIANO COLORATURA print in which it stated the work was created for hire in 2008—over 3 years *after* Zheng Li created his original PIANO NO. 9.

7.

Zheng Li did not authorize Defendants to copy, produce, make, distribute, market, sell, or use in any manner whatsoever, his original PIANO NO. 9 painting.

8.

Defendants have unlawfully profited, and continue to unlawfully profit, from their continuing infringement of Zheng Li's copyrights in and to the original PIANO NO. 9 painting—profits that belong to Zheng Li as the exclusive copyright owner, and which Defendants therefore must disgorge to Zheng Li.

9.

Defendants' conduct and the inferior quality of the Infringing Works has caused significant harm to Zheng Li and to the reputation of his artwork.

10.

Zheng Li's high quality original paintings are often sold to patrons and clients for five figure sums.  Defendants' knock-off prints and posters are of inferior quality, are sold at a small fraction of the value of Zheng Li's original paintings, and risk causing further harm to Zheng Li's status and reputation within the artistic community and to negatively affect the market for Zheng Li's original works.

11.

In light of Defendants' willful, unauthorized use of Zheng Li's original PIANO NO. 9, Zheng Li has no choice but to assert claims for damages and injunctive relief based on Defendants' copyright infringement under the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*, as well as a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Defendants have no copyrights in the Infringing Works.

12.

Zheng Li seeks to recover damages from infringement of his copyrights in his creative PIANO NO. 9 measured by both his actual damages and all of the profits that each of the Defendants has earned as a result of its infringing conduct.

13.

Zheng Li further seeks an injunction permanently enjoining Defendants from future exploitation and infringement of his valuable intellectual property rights.

<u>PARTIES</u>

14.

Plaintiff **Zheng Li** is an individual residing at 11260 Houze Road, Roswell, Fulton County, Georgia 30076.

7

15.

Zheng Li is a professional artist and creates original, high quality oil paintings.  Zheng Li's artwork is shown from Muse & Co. Fine Art—a contemporary fine art gallery located in Roswell, Georgia—as well as from private and corporate collections, and exhibitions and auctions, throughout the United States and China.

16.

Upon information and belief, defendant **The Affordable Art Company** ("Affordable Art") is an unincorporated Washington Company and a sister company, division, or wholly owned subsidiary of defendant The Picture Peddler, Inc.  Further, upon information and belief, Affordable Art shares a common corporate headquarters and principal place of business as The Picture Peddler, Inc. at 40212 N. Newport Highway, P.O. Box 214, Elk Washington 99009.  Affordable Art may be served via its managing or general agent or any other agent authorized by appointment or by law to receive service of process including its President Bill Kemp, as well as National Registered Agents Inc., the registered agent for its corporate parent The Picture Peddler, Inc. at 1780 Barnes Blvd. SW Building G, Tumwater, Washington 98512-9410.  Affordable Art sells fine art prints and

framed art which it promotes and sells nationwide including from several internet stores on Amazon, eBay, and elsewhere.

17.

Upon information and belief, defendant **Allposters.com, Inc.** ("Allposters.com") is an unincorporated California Company that is owned by, a business, division, or brand of defendant Art.com, Inc., having the same corporate headquarters and principal place of business at 2100 Powell Street, 13th Floor, Emeryville, California 94608.  Allposters.com may be served through Art.com's registered agent Kevin Andrew Lucas, 2100 Powell Street, 13th Floor, Emeryville, California 94608, as well as The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Allposters.com markets and sells wall-décor, nationwide and internationally, including posters and prints, art reproductions, and framing and mounting services from its online interactive retail store at **www.allposters.com.**

18.

Upon information and belief, defendant **Amanti Art, LLC** ("Amanti Art") is a Wisconsin Limited Liability Company with its corporate headquarters and principal place of business at 2814 Perry Street, Madison, Wisconsin 53713. Amanti Art has appointed as its registered agent its owner Scott Brian Longua,

2814 Perry Street, Madison, Wisconsin 53713.  Amanti Art or its corporate affiliate defendant J and S Framing, LLC is the Registrant of the domain name **<amantiart.com>** and features and sells fine art prints and custom framing and mats to all fifty U.S. states and Canada from its online retail stores at **www.AmantiArt.com** and on Amazon.

19.

Upon information and belief, defendant **Art.com, Inc.** ("Art.com") is a Delaware Corporation with its corporate headquarters and principal place of business at 2100 Powell Street, 13th Floor, Emeryville, California 94608.  Art.com has appointed as its registered agent Kevin Andrew Lucas, 2100 Powell Street, 13th Floor, Emeryville, California 94608, as well as The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Art.com is an online retailer, the Registrant for the domain name **<art.com>,** and owns and operates the Internet art gallery **www.art.com** from which it sells posters, art prints, framed art, and wall art collections across the country.

20.

Upon information and belief, defendant **Barewalls Interactive Art, Inc.** ("Barewalls") is a Delaware Corporation with its corporate headquarters and

principal place of business at 50 North 8th Street, Sainte Genevieve, Missouri

63670.  Barewalls has appointed as its registered agent Margaret A. Nohr, 50

North 8th Street, Sainte Genevieve, Missouri 63670, as well as The Corporation

Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington,

Delaware 19801.  Barewalls is the Registrant for and maintains the domain name

**<barewalls.com>**.  Barewalls and its flagship online art print and poster store,

**www.barewalls.com**, market and sell art prints and posters nationwide including

over the Internet.

### 21.

Upon information and belief, Defendant **Editions Limited West, Inc.**

("Editions Limited West") is a California Corporation with its corporate

headquarters and principal place of business at 4090 Halleck Street, Emeryville,

California 94608.  Editions Limited West has appointed as its registered agent

Joanne Chappell, 4090 Halleck Street, Emeryville, California 94608.  Editions

Limited or its registration agent, corporate predecessor, or affiliate Editions

Limited Galleries Inc. is the Registrant for and maintains the domain name

**<editionslimited.com>**.  Editions Limited is a publisher and distributor of art

reproductions which it promotes and sells including, without limitation, via its

interactive website and online art gallery at **www.editionslimited.com** as well as

from its Internet stores on eBay and Amazon.

22.

Upon information and belief, defendant **Framecrafters, Inc.**

("Framecrafters") is a Texas Corporation sometimes doing business as **My Art**

**Habit** or **myarthabit.com,** an unincorporated entity comprised of individuals who

also design and build framed art at Framecrafters, with a headquarters and

principal place of business at 1410 Campbell Road, Houston, Texas 77055-4604.

Framecrafters has appointed as its registered agent Caludia Collins, 4601 S.

Pinemont Dr., Suite 122, Houston, Texas 77041-9364.  Framecrafters or its

president and owner Raymond Munk is the registration agent and Registrant for

and maintains the domain name **<myarthabit.com>**.  Framecrafters and

MyArtHabit market and sell custom framing, framed art, canvas transfers, original

oil canvas, giclees, prints, shadow boxes and more from their showroom as well as

their interactive online art gallery at **www.myarthabit.com**.

23.

Upon information and belief, Defendant **Franchise Concepts, Inc.**

("Franchise Concepts") is a Delaware Corporation with its corporate headquarters

and principal place of business at 221 First Executive Avenue, St. Peters, Missouri

63376.  Franchise Concepts has appointed as its registered agent its Chief Financial

Officer Joseph A. Lynch, 221 First Executive Avenue, St. Peters, Missouri 63376.

Franchise Concepts is the franchisor of the retail custom picture framing brands

The Great Frame Up and Deck the Halls in the United States and Framing and Art

Centre in Canada.  Franchise Concepts is the Registrant for and maintains the

domain name **<shopforart.com>** and owns and operates with its brands The Great

Frame Up, Deck The Halls, and Framing and Art Centre the interactive Internet

store **www.shopforart.com** which markets and sells posters, art prints, paintings,

canvas prints, fine art prints, giclee, prints, art reproductions, and framing

nationwide.

24.

Upon information and belief, Defendant **Golden Age International, LLC**

("Golden Age International") is a Florida Limited Liability Company with its

corporate headquarters and principal place of business at 3533 NW 82nd Avenue,

Doral, Florida 33122.  Golden Age International has appointed as its registered

agent its founder and president Nafi Sinmaz, 3533 NW 82nd Avenue, Miami,

Florida 33122.  Golden Age International or its registration agent Shopping Stores

is the Registrant for and maintains the domain name **<goldenageusa.com>**.

Golden Age International is a distributor, wholesaler, and import-export company

which sells, among other products, lighting fixtures, home décor products, framed wall art, and other contemporary and abstract art designs, from its retail store locations and interactive online store at **www.goldenageusa.com**.

25.

Upon information and belief, Defendant **Hayneedle, Inc.** is an Omaha-Nebraska based online shopping consortium and has its corporate headquarters and principal place of business at Suite 300, 9394 West Dodge Road, Omaha, Nebraska 68114, and a distribution facility at 1001 Logistics Way, Monroe, Ohio 45044. Hayneedle may be served via its managing or general agent or any other agent authorized by appointment or by law to receive service of process including through its co-founder and CEO Douglas Nielsen, Suite 300, 9394 West Dodge Road, Omaha, Nebraska 68114, as well as Capitol Corporate Services, Inc., 4568 Mayfield Road, Suite 204, Cleveland, Ohio 44121. Hayneedle or its registration agent NetNames U.S.A. is the Registrant for and maintains the domain name **<hayneedle.com>**. Hayneedle owns and operates its flagship website, **www.hayneedle.com,** as well as over 200 other website stores with a focus on home products, including furniture, accents, décor and artwork.

26.

Defendant **J and S Framing, LLC** ("J and S Framing") sometimes doing business as Amanti Art is a Wisconsin Limited Liability Company with its corporate headquarters and principal place of business at 2814 Perry Street, Madison, Wisconsin 53713.  J and S Framing has appointed as its registered agent its owner Scott Brian Longua, 1727 Daily Drive, Waunakee, Wisconsin 53597.  J and S Framing is the Registrant of the domain name **<amantiart.com>** and markets and sells fine art prints and custom framing and mats throughout the country from its retail store as well as the interactive website at **www.amantiart.com**.

27.

Upon information and belief, defendant **J.C. Penney Corporation, Inc.** ("J.C. Penney") is a Delaware Corporation with its headquarters and principal place of business at P.O. Box 10001 A2 1205, Dallas, Texas 75301-0001.  J.C. Penney has appointed as its registered agent Corporation Process Company, 2180 Satellite Boulevard, Suite 400, Duluth, Georgia, 30097.  J.C. Penney is the Registrant for and maintains the domain name **<jcpenney.com>** and operates a chain of department stores in all 50 U.S. states and operates the interactive Internet

store website **www.jcpenney.com** from which it markets and sells conventional

merchandise including wall art and framed art.

28.

Upon information and belief, defendant **Kohl's Corporation** is a Wisconsin

Corporation with its corporate headquarters and principal place of business at N56

W17000 Ridgewood Drive, Menomonee Falls, Wisconsin, 53051.  Kohl's

Corporation has appointed as its registered agent Corporate Creations Network

Inc., 4650 W. Spencer Street, Appleton, WI 54914.  Kohl's Corporation is a

department store chain that operates stores in nearly all 50 U.S. states, including

Georgia.

29.

Upon information and belief, defendant **Kohl's Department Stores, Inc.**,

a wholly-owned subsidiary of Kohl's Corporation, is a Delaware Corporation with

a principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls,

Wisconsin, 53051.  Kohl's Department Stores has appointed as its registered agent

Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta,

Georgia 30066.  Kohl's Department Stores, Inc. operates department stores in the

United States including Georgia, offering apparel, footwear, accessories, and home

products including artwork.  Kohl's Corporation and Kohl's Department Stores,

16

Inc. are each referred to herein individually and collectively as "Kohl's."  Kohl's

or its registration agent and corporate affiliate Kohl's Illinois, Inc. is the Registrant

for and maintains the domain name **<kohls.com>**.  Kohl's has an active Internet

presence at its online store **www.kohls.com** from which it offers online shopping

of a variety of consumer goods including décor art and wall décor.

30.

Upon information and belief, Defendant **Library Images** sometimes doing

business as **Olde Yankee Map and Photo Shoppe** is an unincorporated

Massachusetts Company with a principal place of business at 30 Middlesex Road,

Apartment # 4, Waltham, Massachusetts and mailing addresses at P.O. Box 462,

Lincoln Massachusetts 01773 and P.O. Box 540221, Waltham Massachusetts

02454 and stores on eBay and Amazon.  **Library Images** is specialty art publisher

and retailer of fine art (Giclee) reproductions which it sells to buyers in

transactions nationwide including from its online stores at eBay and Amazon.

31.

Upon information and belief, defendant **Metaverse Corporation**

("Metaverse") is a New Jersey Corporation sometimes doing business as the

unincorporated brands FulcrumGallery.com, PosterHero, UrbanLoftArt.com,

FramedArt.com, Posters.mobi, Vintage Wall, Jazz Art, LocalFramer.com, and

17

FaithArt.com, with a headquarters and principal place of business at 49 Stouts Lane, Monmouth Junction, New Jersey 08852.  Metaverse has appointed as its registered agent its CEO Thomas Novellino, 49 Stouts Lane, Monmouth Junction, New Jersey 08852.  Metaverse is the Registrant for and maintains the domain names **<fulcrumgallery.com>**, **<posterhero.com>**, **<urbanloftart.com>**, **<framedart.com>**, **<poster.mobi>**, **<vintagewall.com>**, **<jazzart.com>**, **<localframer.com>**, and **<faithart.com>** and is a multichannel online retailer in the wall art and home décor market, advertising and selling wall art nationwide from the following interactive Internet stores **www.fulcrumgallery.com**, **www.posterhero.com**, **www.urbanloftart.com**, **www.framedart.com**, **www.posters.mobi**, **www.vintagewall.com**, **www.jazzart.com**, **www.localframer.com**, and **www.faithart.com**.

32.

Upon information and belief, defendant **Onlinewall Art Corporation** ("Onlinewall Art") is a Florida Corporation sometimes doing business as **ArtFuzz** and **GetArtPosters.com**, which are unincorporated entities, with a common headquarters and principal place of business at 5 Kensington Lane, Boynton Beach, Florida 33426.  Onlinewall Art has appointed as its registered agent Yevegny Yusim, 5 Kensington Lane, Boynton Beach, Florida 33426.  Onlinewall

Art may also be served via its managing or general agent or any other agent authorized by appointment or by law to receive service of process including its Chief Executive Officer Albert Dubinsky, 2328 E. 26th Street, Brooklyn, New York 11229, who is also its registration agent and Registrant for and maintains the **<artfuzz.com>** and **<getartposters.com>** domain names.  Onlinewall Art, ArtFuzz, and GetArtPosters all provide and sell art prints and posters, custom framed, and unframed canvas items in transactions with buyers nationwide including from their interactive web stores at **www.artfuzz.com** and **www.getartposters.com**.

33.

Upon information and belief, defendant **Poster.Com, Inc.** ("Poster.com") is a Delaware Corporation with its headquarters and principal place of business at 49 Stouts Lane, Monmouth Junction, New Jersey 08852 and offices at 33 Flying Point Road, Southampton, New York 11958-5248.  Poster.com may be served via its managing or general agent or any other agent authorized by appointment or by law to receive service of process including, without limitation, through its principal Mr. Hunter Cohen, c/o Etailx LLC, 25 Lori Lane, Chappaqua, New York, 10514. Poster.com advertises and sells art, poster and frames including through its interactive Internet store at **www.poster.com.**

19

34.

Upon information and belief, defendant **Poster Revolution** is an unincorporated New York business with its company headquarters and principal place of business at 227 West 29th Street, New York, New York 10001.  Power Revolution is owned by and a business line, division or brand of, defendant Art.com.  Poster Revolution may be served via its managing or general agent or any other agent authorized by appointment or by law to receive service of process including through Art.com's appointed registered agent Kevin Andrew Lucas, 2100 Powell Street, 13th Floor, Emeryville, California 94608, as well as The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Poster Revolution or its registration agent Domains By Proxy, LLC is the Registrant for and maintains the domain name **<posterrevolution.com>** and actively markets and sells new and classic posters, deeply-discounted posters and professional custom framing and mounting options from its interactive online stores at **www.posterrevolution.com** and Amazon.

35.

Upon information and belief, defendant **Posters 2 Prints, LLC** ("Posters 2 Prints") is an Indiana Limited Liability Company with its headquarters and principal place of business at 17406 Tiller Court, Suite 1400, Westfield, Indiana

46074.  Posters 2 Prints may be served on its managing agents, including Bob

Leonard, its CEO, or Michael Slates, its President and Chief Technology Officer at

17406 Tiller Court, Suite 1400, Westfield, Indiana 46074.  Posters 2 Prints is the

Registrant for the domain name **<posters2prints.com>** and actively markets and

sells custom framed artwork, including posters and prints, from its interactive

website store **www.posters2prints.com**.

36.

Upon information and belief, defendant **Prints.com, Inc.** ("Prints.com") is a

Wisconsin Corporation with its headquarters and principal place of business at

1330 S. 108th Street, West Allis, Wisconsin 53214.  Prints.com has appointed as

its registered agent its President James L. Felker, 1330 S. 108th Street, West Allis,

Wisconsin 53214.  Prints.com or its registration agent James Felker is the

Registrant for and maintains the domain name **<prints.com>**.  Prints.com markets

and sells prints, posters, framing and gift items, nationwide and internationally,

from its gallery and warehouse and its interactive Internet gallery stores at

**www.prints.com** and eBay.

37.

Upon information and belief, defendant **Somerset Studios, Incorporated** is

a California Corporation with its corporate headquarters and principal place of

21

business at 1915 Jamestown Road, Morganton, North Carolina 28655.  Somerset

Studies, Incorporated has appointed as its registered agent Dionisia Smolje, 838 N.

Normandie Avenue, Apt. # 4, Los Angeles, California 90029, as well as Stephen

K.C. West, at 1915 Jamestown Road, Morganton, North Carolina 28655.  Somerset

Studies, Incorporated is a creator and supplier of framed art which it provides and

sells including from its showroom and gallery in North Carolina and through field

representatives in every state including Georgia.

38.

Upon information and belief, defendant **Somerset Studios of North**

**Carolina, Inc.** is a North Carolina Corporation and a corporate affiliate or wholly-

owned subsidiary of Somerset Studios, Incorporated, with its corporate

headquarters and principal place of business at 1915 Jamestown Road, Morganton,

North Carolina 28655.  Somerset Studios of North Carolina, Inc. has appointed as

its registered agent Stephen K.C. West, at 1915 Jamestown Road, Morganton,

North Carolina 28655.  Somerset Studios, Incorporated and Somerset Studios of

North Carolina, Inc. are each referred to herein sometimes individually and

collectively as "Somerset Studios."  Somerset or its registration agent

SomersetStudios.com Inc. is the Registrant for and maintains the domain name

22

**<somersetstudios.com>** and operates an art studio in Atlanta, Georgia as well as the interactive gallery website **www.somersetstudios.com.**

39.

Upon information and belief, defendant **The Picture Peddler, Inc.** ("Picture Peddler") is a Washington Corporation with its corporate headquarters and principal place of business at 40212 N Newport Highway, PO Box 214, Elk, Washington 99009.  Picture Peddler has appointed as its registered agent National Registered Agents Inc., at 1780 Barnes Blvd. SW Building G, Tumwater, Washington 98512-9410.  Picture Peddler is the Registrant of and maintains the domain name **<picturepeddler.net>**.  Picture Peddler manufactures and sells framed artwork and owns, maintains and operates the Internet store www.picturepeddler.net as well as interactive stores on eBay and Amazon from which it markets and sells its pictures.

40.

Upon information and belief, defendant **Z Gallerie** is a California Corporation with its corporate headquarters and principal place of business at 1855 W. 139th Street, Gardena, California 90249.  Z Gallerie has appointed as its registered agent CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.  Z Gallerie is the Registrant for and maintains the domain name

23

**<zgallerie.com>** and markets and sells home furnishings, art, posters and

accessories from its stores as well as its interactive website gallery at

**www.zgallerie.com**.

## JURISDICTION AND VENUE

### 41.

This civil action asserts claims for federal copyright infringement under the

Copyright Laws of the United States of America, 17 U.S.C. §101 *et seq.*

### 42.

This Court has federal question jurisdiction over Zheng Li's claims for

copyright infringement pursuant to the Copyright Act, 17 U.S.C.§ 101 *et. seq.*, and

28 U.S.C. §§ 1331 and 28 U.S.C. 1338(a) and 1338(b) (any act of Congress

relating to copyrights, patents and trademarks) and subject matter jurisdiction

pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

### 43.

This Court has personal jurisdiction over each of the Defendants under the

Due Process Clause of the United States Constitution and under Georgia's Long

Arm Statute, O.C.G.A. § 9-10-91, which confers personal jurisdiction to the extent

permissible under the federal Due Process Clause, because they have committed

tortious acts inside Georgia and/or committed tortious acts outside Georgia causing injury within the State of Georgia and derive substantial revenue from interstate commerce. Upon information and belief, this Court also has personal jurisdiction over all Defendants because they transact business in Georgia. Each of the Defendants has minimum contacts within the State of Georgia and the Northern District of Georgia, including through store locations and/or via their websites from which they actively advertise, offer for sale, and sell the infringing PIANO COLORATURA and of the infringing products. Each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including through the provision of interactive web pages) its products and services throughout the United States, the State of Georgia, and the Northern District of Georgia, including through Defendants' direct sales to customers located within Georgia and this District.

44.

This Court has personal jurisdiction over defendant **Affordable Art** because it owns, maintains and operates retail stores on eBay and Amazon from which it actively and extensively markets, solicits, sells, and enters into transactions with buyers nationwide including the State of Georgia and this judicial district for

products including, without limitation, the infringing PIANO COLORATURA by P. Roberts.

45.

This Court has personal jurisdiction over defendant **Allposters.com** because it owns and operates an interactive website and gallery at **www.allposters.com** from which it advertises, sells, and ships products and actively solicits and enters into transactions with customers for products including, but not limited to, the infringing PIANO COLORATURA work throughout the United States including the State of Georgia and this judicial district.

46.

This Court has personal jurisdiction over defendant **Amanti Art** because it advertises, sells products to and targets customers throughout the entire United States including Georgia and this judicial district from its interactive website stores at **www.amanti.art** and Amazon where products including, without limitation, the infringing PIANO COLORATURA are actively marketed and sold.

47.

This court has personal jurisdiction over defendant **Art.com** because it advertises and sells its products, including, without limitation, the infringing

PIANO COLORATURA work, to customers whom it solicits across the nation, including within the State of Georgia and this judicial district, via its interactive online gallery store at **www.art.com**.

48.

This Court has personal jurisdiction over defendant **Barewalls** because it advertises, sells, and targets and enters into transactions with customers for products including, but not limited to, the infringing PIANO COLORATURA, throughout the United States including Georgia and this judicial district from its interactive website store **www.barewalls.com**.

49.

This Court has personal jurisdiction over defendant **Editions Limited West** because it has actively advertised and sold products including, without limitation, the infringing PIANO COLORATURA work, to customers across the entire country including Georgia and this judicial district from its interactive website stores at **www.editionslimited.com**, which allows "Buy Now" shopping, and Amazon and eBay.  In addition, Editions Limited West has a Sales Consultant, Joyce Polish, who is specifically assigned to the State of Georgia, and it actively markets and sells its products to Georgia and this district.

50.

This Court has personal jurisdiction over defendant **Frame Crafters** because it owns, operates, and maintains the interactive web store **My Art Habit** at **www.myarthabit.com** where it actively advertises and sells products, including, without limitation, the infringing PIANO COLORATURA, in transactions that it targets with buyers across the United States including in Georgia and this judicial district.

51.

This Court has personal jurisdiction over defendant **Franchise Concepts** because it actively transacts business with and targets and solicits franchisees in the State of Georgia and has at least seven The Great Frame Up franchise locations in this judicial district in Atlanta, Canton, Fayetteville, Marietta, Peachtree City, and Roswell.  In addition, Franchise Concepts and its three brands own, operate, and maintain the interactive Internet store **www.shopforart.com** which actively advertises and sells artwork and enters into transactions with buyers nationwide including in Georgia and this judicial district.

52.

This Court has personal jurisdiction over defendant **Golden Age International** because it owns, operates, and maintains the interactive website

store http://www.goldenageusa.com where products including, without limitation, the infringing PIANO COLORATURA are actively advertised, sold, and shipped to buyers that Golden Age International and its website target throughout the entire United States including the State of Georgia and this judicial district.

53.

This Court has personal jurisdiction over defendant **Hayneedle** because it owns and operates over 200 online specialty stores including its flagship interactive website store at **www.hayneedle.com** which actively advertise and sells products including, without limitation, its infringing COLORFUL PIANO FRAMED WALL ART to buyers who it actively solicits across the country including Georgia and this judicial district.

54.

This Court has personal jurisdiction over defendant **J and S Framing, LLC** because it owns, operates, and maintains the interactive website store at **www.amanti.art.com** where products including, without limitation, the infringing PIANO COLORATURA are actively advertised, sold, and shipped to it and its website target throughout the entire United States including the State of Georgia and this judicial district.

29

55.

This Court has personal jurisdiction over defendant **J.C. Penney** because it operates over ten stores in the State of Georgia, including five retail locations in this judicial district in addition to its interactive website store at **www.jcpenney.com** from which it actively markets and sells products including, but not limited to, its infringing PIANO WALL ART work to customers within Georgia and this district.

56.

This Court has personal jurisdiction over defendants **Kohl's Corporation** and **Kohl's Department Stores, Inc.** because they own and operate more than thirty stores in the State of Georgia, including more than a dozen store locations in this judicial district, and actively advertise and sell merchandise including, without limitation, their infringing PIANO COLORATURA WALL ART to customers who they target within Georgia and this district from their retail stores and interactive website store **www.Kohl's.com**.

57.

This Court has personal jurisdiction over defendant **Library Images** sometimes doing business as **Olde Yankee Map and Photo Shoppe** because it owns and operates interactive online stores on Amazon and eBay where products

including, but not limited to, the infringing PIANO COLORATURA are actively promoted, targeted and sold in transactions with buyers throughout the entire United States including the State of Georgia and this judicial district.

58.

This Court has personal jurisdiction over defendant **Metaverse Corporation**, which actively advertises and sells artworks including, without limitation, the infringing PIANO COLORATURA, to customers nationwide including in Georgia and this judicial district through its family of interactive website stores that it owns and operates at **www.fulcrumgallery.com**, **www.posterhero.com**, **www.urbanloftart.com**, **www.framedart.com**, **www.posters.mobi**, **www.vintagewall.com**, **www.jazzart.com**, **www.localframer.com**, and **www.faithart.com**.

59.

This Court has personal jurisdiction over defendant **Onlinewall Art** sometimes doing business as **ArtFuzz** and **GetArtPosters** because it owns, operates, and maintains the interactive Internet artwork stores **www.artfuzz.com** and **www.getartposters.com** from which it actively promotes and sells products including, without limitation, the infringing PIANO COLORATURA in

transactions that it solicits with buyers throughout the entire United States including Georgia and this judicial district.

60.

This Court has personal jurisdiction over defendant **Picture Peddler** because it owns and operates the interactive Internet store **www.picturepeddler.net** as well as retail stores on eBay and Amazon where products, including, without limitation, the infringing PIANO COLORATURA by P. Roberts are targeted, advertised, and sold to buyers in transactions nationwide including within the State of Georgia and this judicial district.

61.

This Court has personal jurisdiction over defendant **Poster.com** because it owns and operates the interactive Internet store **www.poster.com** from which it actively advertises and sells art, posters and frames and solicits and targets customers for products including without limitation, the infringing PIANO COLORATURA, throughout the United States including in Georgia and this judicial district.

62.

This Court has personal jurisdiction over defendant **Poster Revolution** because it owns and operates interactive website stores at **www.posterrevolution.com** and Amazon where products including, but not limited to, the infringing PIANO COLORATURA are actively advertised, targeted, and sold to buyers across the country including in Georgia and this judicial district.

63.

This Court has personal jurisdiction over defendant **Posters 2 Prints** because it owns and operates interactive website stores at **www.posters2prints.com** and Amazon where products including, without limitation, the infringing PIANO COLORATURA—CANVAS GICLEE, GICLEE PRINT, and ART PRINT are actively advertised, targeted, and sold to customers across the country including in Georgia and this judicial district.

64.

This court has personal jurisdiction over defendant **Prints.com** because it owns and operates interactive website stores at **www.prints.com** and eBay where products including, but not limited to, the infringing PIANO COLORATURA by "P. Roberts" and PIANO COLORATURA by "John Milan" are actively

advertised, targeted, and sold to customers nationwide including Georgia and this judicial district.

65.

This Court has personal jurisdiction over defendants **Somerset Studios, Incorporated** and **Somerset Studios of North Carolina, Inc.** because they operate a studio location in this judicial district in Building 1 of the AmericasMart Atlanta marketplace, 240 Peachtree Street NW Atlanta, Georgia 30303, they have a sales representative Dan Ford located in this judicial district, and by virtue of their purposeful availment of the laws of Georgia by actively advertising, targeting, and selling their goods and services including, without limitation, the infringing PIANO COLORATURA from their studios as well as their interactive website at **www.somersetstudiosinc.com** to buyers across the country including in Georgia and this district and to at least some of the other named Defendants who have retail outlets nationwide including in Georgia and this district.

66.

This Court has personal jurisdiction over defendant **Z Gallerie** because it operates three gallery stores in this judicial district—including the Perimeter Mall, Atlantic Station, and Atlanta North Point Village locations in Atlanta— and owns and operates the interactive Internet gallery at **www.zgallerie.com** where it has

actively advertised, targeted, and sold its products and artwork including, without limitation, the infringing PIANO COLORATURA, to customers throughout the United States including in Georgia and this judicial district.

### 67.

Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(a), because Defendants can be found or reside here, a substantial part of the events or omissions giving rise to the claims occurred here, a substantial part of the subject intellectual property is located here, the Defendants' conduct has been directed into this district, and/or harm to Zheng Li has occurred in this district.

## FACTUAL BACKGROUND

### Zheng Li—The Painter

### 68.

Plaintiff Zheng Li is an artist who was born in DaLian, China.  Zheng Li lives in metro Atlanta, Georgia where he creates original paintings.

### 69.

Zheng Li has had an extraordinary artist's life.  He chose early in life to devote his talent to pursue a dream of becoming a great artist.

70.

Zheng Li began painting at the age of eight.  In 1977, at the age of fifteen, he was honored to be one of thirty students, aged from 15 to 18, selected from all of China's provinces, to attend the Lu Xun Academy of Fine Arts in Shenyang, China. There Zheng Li acquired his most formal training on painting techniques.

71.

At age eighteen, Zheng Li was admitted to the Zhejiang Academy of Fine Art's Oil Department (now the China Academy of Fine Arts) and graduated in 1985 with a degree in Fine Arts.

72.

After graduation, Zheng Li was chosen to teach as a professor for the Oil Department at China's Academy of Fine Art.

73.

By the late 1980s, China had begun opening up to the West and foreign dealers began exploring the country's art world and started buying Zheng Li's paintings.

74.

Before long Zheng Li accepted an invitation to teach as a Visiting Scholar at Appalachian State University in Boone, North Carolina to teach and to show his art for the 1992-1993 academic year.

75.

After finishing the academic year in northwestern North Carolina, Zheng Li embarked on a career as an independent artist, spending time initially in New York and Sacramento before choosing to settle in metro-Atlanta.

76.

Zheng Li moved to Roswell, Georgia in 1996 where he and his brother opened Li Brothers Gallery—with locations in Buckhead, Phipps Plaza and North Point Mall.

Zheng Li's Paintings

77.

Zheng Li's move to the United States had an important influence on him and marked a transition in his distinctive painting style and interpretation of subjects.

78.

Zheng Li was taught painting in the Eastern classical style. His journey as an artist has evolved, combining and reconciling the artistic styles and influences of his native China with the Western culture that he has since absorbed, and his interpretation and expression of both cultures.

79.

Zheng-Li's artworks express his classical romance, and he likes using rich paints on canvas and his paintings are often very colorful.

80.

Now two decades into his career, Zheng Li's is a well-respected artist and his prolific works are included in exhibitions, in private and corporate collections and auctions from leading venues, such as Sotheby's, throughout the United States and China.

81.

Zheng Li also promotes his artwork in the United States today from Muse & Co. Fine Art and his Internet web site at www.zhenglifineart.com.

82.

Over his artistic career, Zheng Li's paintings have focused on a wide array of styles and subjects including music, abstracts, landscapes, Chinese culture, traditional, still lifes, various figures such as dancers, models and nudes, and horses.

83.

Zheng Li invests significant time and energy to create his high-quality, original paintings.  As a professional artist, it has taken him decades of experimentation and practice to develop his skills and perfect his craft.  Zheng Li works hard on his art every day, using all his creative energy.  He creates his paintings not only because he is passionate about it, but also ultimately to sell his art and have the opportunity to create more paintings.

<u>Zheng Li's Original PIANO NO. 9</u>

84.

In 2004, Zheng Li started what would become over the years a series of approximately 17 unique and original oil paintings (currently) expressing the subject of a piano.

85.

As other artists have made thematic use of repetition of subject and imagery throughout a series of works to show different perceptions of environment, color, light, and shading over time or the course of a career (for example, Claude Monet and his water lilies and haystacks, and Edgar Degas and his ballet dancers), Zheng Li's piano paintings depict and express his interpretation of a piano at different times of his personal and artistic development and production and experimentation with different bright, bold colors.

86.

In 2004, Zheng Li painted in Roswell, Georgia the original painting titled PIANO NO. 9 (shown in Paragraph 3 above), which he exhibited from Li Brothers Gallery.

87.

PIANO NO. 9 is an excellent expression and reflection of Zheng Li's transition and combination of painting style from Eastern to Western influences, from realism to abstractionism, and use of bold red and green, and is one of a series of original and distinctly characterized piano paintings, which Zheng Li has created, authored, and painted.

88.

Zheng Li secured valid, automatic copyright protection in PIANO NO. 9 upon his creation and fixation of PIANO NO. 9 with oil on canvas giving him valuable rights and entitling him to prevent other people from doing things with his artwork that only he as the owner is allowed to do.

89.

More recently, Zheng Li obtained United States Copyright Registration No. VA0001827430 dated August 31, 2012, titled PIANO NO. 9.  *See* copy attached as **Exhibit 2**.

90.

At all times, Zheng Li has been and is the sole and exclusive owner of all right, title and interest in the automatic copyright and the federal registration to PIANO NO. 9, and Zheng Li has not licensed any person or entity to the copyright rights.

91.

In 2005, Zheng Li returned to China ultimately closing the Li Brothers Gallery locations in the Atlanta area and opening and operating an art gallery in Beijing.

92.

Later that year, PIANO NO. 9 was featured on the cover (shown below) of Zheng Li's collection of artwork in his self-published book titled "Zheng Li The Paintings" (2005):



93.

"Zheng Li The Paintings" is written in both the English and Chinese languages.

94.

Continuously, since 2005, "Zheng Li The Paintings" has been widely distributed and sold from art galleries and online retailers in the United States and China including on Amazon and eBay, selling tens of thousands of copies. *See* web pages Amazon and eBay attached as **Exhibit 3**.

95.

Zheng Li's "Piano No. 8" painting also appears in "Zheng Li The Paintings."  The front and back and excerpts from "Zheng Li The Paintings" are shown in **Exhibit 4**.

96.

Between 2005 and 2012, Zheng Li resided and spent most of his time in Beijing, China.

97.

Over that same time period, Zheng Li traveled periodically between his home in China and the United States to show his art at Muse & Co. Fine Art (formerly known, until 2010, as Timothy Michael Gallery, or T. Michael Gallery).

98.

In the spring (March) of 2012, Zheng Li returned with his family to live again in Roswell, Georgia, where he resides and paints today.

Defendants' Infringement and Liability

99.

After returning from China in 2012, Zheng Li discovered that one of his piano paintings was reportedly on sale in Somerset Studios' gallery in AmericasMart in Atlanta.  However, the work was titled PIANO COLORATURA and promoted by Somerset Studios as an original painting on canvas but shown instead over the artist's signature "P. Roberts."

100.

Another sighting of a print of the P. Roberts' infringing PIANO COLORATURA was reported to Zheng Li as having been offered for sale by an independent art gallery in Roswell, Georgia (unaffiliated with Zheng Li or Muse & Co).

101.

Upon learning of the infringement, Zheng Li immediately began investigating these sightings of Infringing Works and was shocked to find his PIANO NO. 9 being offered for sale by Defendant Z Gallery in metro Atlanta under the title PIANO COLORATURA by the painter named "P. Roberts."  The brushwork and colors were a messy and incompetent imitation of Zheng Li's original PIANO NO. 9, but the underlying visual image was an exact duplicate.

102.

Upon information and belief, "P. Roberts" is a fictitious name and there is in fact no person named P. Roberts or using the pseudonym "P. Roberts."

103.

Zheng Li discovered that the infringing PIANO COLORATURA was also being marketed and sold by a number of the Defendants on the Internet, including on the Amazon.com and eBay website stores.  Some of the infringing PIANO COLORATURA'S are being credited to artists named "John and Elli Milan."

104.

Rather than create an original work or contact Zheng Li and obtain permission and a license, Defendants proceeded to copy PIANO NO. 9's original

expression verbatim to create the Infringing Works, without any credit to Zheng

Li.  Thus, rather than invest the effort to create their own piano print, or to contact

Zheng Li to obtain a license, Defendants elected to free-ride on Zheng Li's efforts

and creative choices.

### 105.

Defendants' minimal changes to Zheng Li's PIANO NO. 9 add nothing to

the distinctive characteristics and expressions of Zheng Li's original painting.

### 106.

The numerous, striking similarities between Zheng Li's original PIANO NO.

9 painting and the Infringing Works alleged above can only be the product of self-

conscious and deliberate infringement by some or all of the Defendants.

### 107.

It appears that some or all of the Defendants created the Infringing Works by

simply scanning a reproduction of the original PIANO NO. 9 into a computer,

generating unauthorized digital copies of that reproduction, printing and enlarging

those unauthorized digital copies on canvas, and then adding paint over the surface

of the copies—kind of like paint-by-numbers with Zheng Li's copyrighted PIANO

NO. 9, taking the work in its entirety.  The amount and substantiality of

Defendants' use is unmistakable—it is wholesale copying of Zheng Li's PIANO NO. 9.

### 108.

In addition, some or all of the Defendants deliberately removed Zheng Li's signature from the Infringing Works, and then falsely attributed the knocks offs to "P. Roberts" in an attempt to have the infringing PIANO COLORATURA appear to have been painted by an artist other than Zheng Li.

### 109.

Upon information and belief, Defendant Somerset Studios, Incorporated defrauded the U.S. Copyright Office by failing to state in its application to register the copyright in the infringing PIANO COLORATURA (Reg. No. VAu001048054, dated October 10, 21, 2010), that it was actually a derivative work of Zheng Li's original PIANO NO. 9.  To obtain a copyright registration, applicants must disclose, and exclude from the registration application, any pre-existing material or material not owned by the applicant—*i.e.*, an applicant must disclose whether the work is wholly new or rather is a derivative work based on a pre-existing work.  Upon information and belief, Somerset Studios' application for the infringing work failed to identify PIANO NO. 9 in the "Material Excluded" section of the application.  Somerset Studios' failure to properly indentify its

infringing work as derivative of Zheng Li's PIANO NO. 9 constitutes fraud on the Copyright Office.  The basic and amateuristic brush strokes added by Somerset Studios are insufficient to qualify for copyright protection.

110.

Other Defendants have sold posters or paper prints (framed and unframed) of the infringing PIANO COLORATURA work.

111.

Some of the Defendants have marketed and sold their Infringing Works from traditional (brick and mortar) art galleries and retail stores.

112.

Other Defendants are marketing, offering for sale and selling the Infringing Works to buyers in transactions from "virtual" on-line art galleries and stores that have modest inventory levels and hold themselves out as established businesses which sell their prints and posters including the Infringing Works at discounted prices.

113.

When a customer visits the Defendants' Internet galleries and "enters" the store, they view featured artists, individual artworks (sometimes including "best seller" art), and/or various categories of art (*e.g.*, grouped by music, landscapes, etc.).

114.

When the website viewer click's on the artist's name or artwork's title, they are taken to a web page with digital images representing the artist's work and a description of the art and sometimes also of the artist.

115.

Zheng Li does not have a relationship with any of the Defendants or their galleries and stores (traditional and on-line) and their showing and selling of his PIANO NO. 9 which is copied verbatim into their Infringing Works without his permission violates the copyright laws.

116.

Defendants initially created, manufactured, or acquired copies of the Infringing Works.  The Infringing Works were then often scanned and a digital file

was created for Defendants' on-line galleries and stores.  In Defendants' act of scanning and creating a digital file a copy of the Infringing Works was made without Zheng Li's permission and thereby an additional copyright infringement occurred.

117.

In transferring the copies of the Infringing Works from the personal computer attached to the scanner to the server which houses the Defendants' website galleries and stores, another infringing copy of Zheng Li's copyrighted PIANO NO. 9 was made, constituting another copyright infringement.

118.

In addition, each of Defendant's on-line galleries and stores makes images of the Infringing Works available for viewing— a public display of the Infringing Works.   Such public display is also the exclusive right of Zheng Li as the copyright holder.  Viewing the images of the Infringing Works causes each person who is viewing such infringing images to be violating Zheng Li's copyright rights in PIANO NO. 9.  As such, by having the Infringing Works displayed on Defendants' web sites without Zheng Li's permission creates an additional copyright infringement.

119.

The Defendants are direct infringers because they created, manufactured, purchased, reproduced, distributed and sold Zheng Li's copyrighted PIANO NO. 9 without authorization.

120.

In addition to being direct infringers, by facilitating the infringing actions of Internet viewers, each of the Defendant on-line gallery and store owners and operators is a contributory infringer and a vicarious infringer.  When a prospective customer views Defendants' web site galleries, a temporary copy is made in the viewer's computer and another infringement of Zheng Li's copyrighted PIANO NO. 9 occurs.

121.

By their unauthorized creation, manufactured, reproduction, sale and distribution of the Infringing Works, taking the infringing prints and transferring them to canvas (canvas transfers), by scanning the infringing artwork, posting it to their web sites, displaying it and allowing viewers to view the infringing digital images, many copyright infringements of Zheng Li's PIANO No. 9 have occurred and continue to occur.

122.

All of the Defendants are liable to Zheng Li for their copyright infringement of PIANO NO. 9. The Defendants who have created, manufactured and reproduced the knock-off Infringing Works are liable for copyright infringement to Zheng Li. The Defendants who have distributed the Infringing Works are liable for copyright infringement. The Defendants who advertised, sold and displayed the Infringing Works to or from their gallery and store locations (traditional or online) are also liable. Zheng Li is entitled to pursue and obtain relief from all of the Defendants.

### Defendants' Access to Original PIANO NO. 9

123.

Although access can be inferred because of the striking similarity—indeed virtual identity—between the original PIANO NO. 9 painting and the Infringing Works, Defendants nevertheless had access to the original PIANO NO. 9 painting due to its appearance in the self-published book "Zheng Li The Paintings" (2005).

124.

Defendants also had access to the original PIANO NO. 9 because, as noted above, it was publicly exhibited in 2004 in Zheng Li's prominent Li Brothers Gallery in Roswell, Georgia, as well as on Amazon and eBay.

<u>The Harm To Zheng Li</u>

125.

Zheng Li makes his living as an independent artist. Zheng Li is rewarded by his passion for painting and by the sweat equity gained from his hard work beyond his compensation. As any professional artist, Zheng Li also relies on his reputation and success in selling his artwork to provide him enough income to support his art and his family.

126.

Zheng Li's reputation as an honest artist and businessperson is as critical as his reputation for creating high quality, original paintings.

127.

When Zheng Li's clients and patrons see the Infringing Works being made and sold by other persons or businesses that look almost identical—at least to them—to original paintings they have purchased from Zheng Li, paintings they

thought were original and unique, and those knock off prints and posters are selling for a fraction of the price they paid to Zheng Li, those clients feel cheated.

### 128.

This harm to Zheng Li is exacerbated by the fact that the Infringing Works are being so widely proliferated, distributed, sold and displayed on the Internet.

### 129.

This impugns Zheng Li's reputation, decreases the value of his artwork, and makes it hard for him to sell future original paintings.

### 130.

All of this adversely affects Zheng Li's reputation and income.

## COUNT I—COPYRIGHT INFRINGMENT

## AGAINST ALL DEFENDANTS

(Copyright Infringement—17 U.S.C. § 101 *et seq.*)

### 131.

Zheng Li incorporates by reference paragraphs 1 through 130 above as if fully set forth herein.

132.

Zheng Li is the exclusive owner and copyright holder of the original PIANO NO. 9 copied, reproduced, distributed, marketed, and sold by Defendants, without authorization from Zheng Li, through various galleries, retailers and Internet web sites.

133.

Zheng Li holds a United States Copyright Registration Number VA0001827430 from the United States Copyright Office for his PIANO NO. 9 painting. Zheng Li's copyright rights give him as owner exclusive rights to reproduce, adapt, publish, distribute, and display his artwork and expression.

134.

Zheng Li's copyrighted PIANO NO. 9 painting contains original material and expression that is copyrightable subject matter under the Copyright Laws of the United States.

135.

Each of the Defendants had access to Zheng Li's PIANO NO. 9 by virtue of the facts that it has been shown publicly in Li Brothers Gallery, as well as on the cover of and inside Zheng Li's widely-distributed book "Zheng Li The Paintings,"

which has been openly and prominently sold in United States and Chinese art

galleries and in the online retail world including at Amazon and eBay.

### 136.

Each of the Defendants' access to Zheng Li's PIANO NO. 9 can be inferred

from the striking similarity between the Infringing Works and Zheng Li's original

PIANO NO. 9.

### 137.

Defendants without authorization have copied the original expressions of

Zheng Li's PIANO NO. 9, as well as reproduced, prepared derivative works,

distributed copies of, displayed, promoted, sold, and/or offered for sale, illegal and

unauthorized copies of PIANO NO. 9, and, thus, have directly infringed and

continue to infringe Zheng Li's copyrights.

### 138.

Defendant **Affordable Art** has infringed and continues to infringe Zheng

Li's PIANO NO. 9 copyrights by advertising and selling infringing works

illustrating Zheng Li's copyright expressions.  For example, **Affordable Art** has

marketed, sold and continues to sell the infringing PIANO COLORATURA print

by P. Robert on eBay (36 x 36 inches for $65.30, 24 x 24 inches for $35.30, and

12.23 x 12 inches for $12.30) .  *See* **Exhibit 5** for the online advertising of the infringing PIANO COLORATURA of Affordable Art.

139.

Defendant **Allposters.com** has infringed and is continuing to infringe Zheng Li's PIANO NO. 9 copyrights by marketing and selling its infringing products on its interactive website store **www.allposters.com**, including, without limitation, PIANO COLORATURA by P. Roberts with customized framing and mounting options (*e.g.*, Item #7613581, 36 x 36 inches, base price $64.99 and up; Item # 8416491, 24 x 24 inches, base price $34.99 and up; and Item # 9114142, 12 x 12 inches, base price $12.99 and up).  *See* **Exhibit 6** for examples of Allposters.com's online advertisements and shopping cart of infringing articles (both unframed and customized options) incorporating Zheng Li's copyrighted expressions.

140.

Defendant **Amanti Art** has infringed and continues to infringe Zheng Li's PIANO NO. 9 copyrights by advertising and selling infringing works illustrating Zheng Li's copyright expressions on its interactive website stores at **www.amantiart.com** and on Amazon.  For example, Amanti Art is actively advertising and selling, including but not limited to, on its website the PIANO COLORATURA framed print (Product#: 401592, 12 x 12 inches $79,95);

(Product#: 549767, 24 x 24 inches $199.95); and (Product#: 157911, 36 x 36 inches, $339.95) as well as on Amazon, identification number (ASIN) B007NWFJ2M (47 x 47 inches for $439.95).  *See* **Exhibit 7** for online advertising and shopping cart of the infringing Amanti Art works.

141.

Defendant **Art.com** has infringed and continues to infringe Zheng Li's copyrights by advertised and selling infringing products, including, but not limited to, the PIANO COLORATURA print with framing, mounting, and laminate options including 36 x 36 inches (Item #: 9624619544A, base price $64.99 and up), 24x 24 inches (Item #: 11899629325A, base price $34.99 and up), and 12 x 12 inches (Item #:1496075326A, base price $12.99 and up) that display Zheng Li's PIANO NO. 9 expressions.  *See* **Exhibit 8** for Art.com's online advertising and shopping cart at **www.art.com** for its infringing PIANO COLORATURA works.

142.

Defendant **Barewalls** has infringed and continues to infringe Zheng Li's copyrights by advertising and selling infringing works illustrating Zheng Li's copyrighted PIANO NO. 9, including, but not limited to, for example PIANO COLORATURA art print with framing options 24 x 24 inches (Item # 620729, base price $35.00 and up), 24 x 24 inches (Item # 628865, base price $35.00 and

58

up), 36 x 36 inches (Item # 603528, base price $69.39 and up) and 36 x 36 inches

(Item # 604228, base price $65.00 and up).  *See* **Exhibit 9** for examples of

Barewalls' infringing works advertised and sold at **www.barewalls.com**.

143.

Defendant **Editions Limited West** has infringed and continues to infringe

Zheng Li's copyrights in PIANO NO. 9 by advertising and selling infringing

posters illustrating Zheng Li's copyrighted work from its interactive web stores at

**www.editionslimited.com** and on Amazon.  For example, advertising for some of

Editions Limited West's infringing PIANO COLORATURA by P. Robert prints

and posters with custom giclée sizing and pricing options and are one of "Editions

Limited Bestsellers" are attached as **Exhibit 10** and include, but are not limited to,

12 x 12 inches (Item # 11498, base price $12.00 and up), 24 x 24 inches (Item #

11285, base price $35.00 and up), 36 x 36 inches (Item # 11230, base price $65.00

and up), and Amazon product identification or locator number (ASIN)

B006BBJTRM , 24 x 24 inches, list price $35.00.

144.

Defendant **Frame Crafters** sometimes doing business as **My Art Habit** has

infringed Zheng Li's copyrights by advertising and selling infringing products

illustrating Zheng Li's copyrighted PIANO NO. 9 work, including, but not limited

59

to, for example, PIANO COLORATURA 38 x 38 inches canvas transfer for $229.00 shown in **Exhibit 11**.

145.

Defendant **Franchise Concepts** sometimes doing business through its franchise brands The Great Frame Up, Deck the Walls, and Framing and Art Centre via its interactive Internet store at **www.shopforart.com** has infringed and continues to infringe Zheng Li's copyrights in PIANO NO. 9 by advertising and selling products (unframed and framed) that infringe, including, but not limited to, PIANO COLORATURA by P. Robert and by John & Elli Mann, product identification numbers #P697635 (24 x 24 inches, base list price $45.99 and dup), P688464 (36 x 36 inches, base list price $64.99 and up), and #P706337 (12 x 12 inches, base list price $15.99 and up), as shown in **Exhibit 12**.

146.

Defendant **Golden Age International** has infringed and continues to infringe Zheng Li's PIANO NO. 9 copyrights, by advertising and selling infringing products illustrating Zheng Li's copyrighted work of expression, including, but not limited to, for example PIANO COLORATURA Item # 14029-290S ($417.89) and

Item # 14028-181B ($549.89).  *See* **Exhibit 13** for Golden Age International's on-

line advertising and shopping cart for the infringing products.

147.

Defendant **Hayneedle** has infringed and is continuing to infringe Zheng Li's

copyrights by advertising and selling products illustrating Zheng Li's copyrighted

PIANO NO. 9 expressions, including, but not limited to, for example, its

COLORFUL PIANO FRAMED WALL ART – 43W x 43 H Item # HN-SOMS009

(List Price $565, Price $450).  *See* **Exhibit 14** for the infringing Hayneedle

product.

148.

Defendant **J and S Framing** has infringed and is continuing to infringe

Zheng Li's copyrights in PIANO NO. 9 by advertising and selling infringing works

illustrating Zheng Li's copyright expressions on its interactive website stores at

**www.amantiart.com** and on Amazon.  For example, J and S Framing is actively

advertising and selling, including but not limited to, on its website the PIANO

COLORATURA framed print (Product#: 401592, 12 x 12 inches $79,95);

(Product#: 549767, 24 x 24 inches $199.95); and (Product#: 157911, 36 x 36

inches, $339.95) as well as on Amazon, identification number (ASIN)

B007NWFJ2M (47 x 47 inches for $439.95).  *See* **Exhibit 7** for online advertising and shopping cart of the infringing J and S Freaming works.

149.

Defendant **J.C. Penney** has infringed and is continuing to infringe Zheng Li's copyrights in PIANO NO. 9 by actively advertising and selling products including, without limitation, the infringing print called PIANO WALL ART, Item # FC772-6072F, 36 x 36 inches for $100 attached as **Exhibit 15.**

150.

Defendants **Kohl's Corporation** and **Kohl's Department Stores, Inc.** have infringed and continue to infringe Zheng Li's PIANO NO. 9 copyrights by advertising and selling infringing products including on Kohl's interactive website store at **www.kohls.com**including the framed wall art shown in **Exhibit 16** depicting PIANO COLORATURA (Item # jDYSKkQ and/or product ID 845524892950291, original price $139.99, and later $27.99).

151.

Defendant **Library Images** sometimes doing business as **Olde Yankee Map and Photo Shoppe** has infringed and continues to infringe Zheng Li's copyrights in PIANO NO. 9 by advertising and selling infringing PIANO

COLORATURA art prints and posters by "John & Elli Milan" and "P. Roberts"
from its on-line store on Amazon and elsewhere, including but not limited to
Amazon production identification or locator numbers (ASIN) B009B3AHZK, 12
x12 inches, list price $15.00 and up; ASIN: B006BBJTRM, 24 x 24 inches, base
price $35.00 and up; ASIN: B007OZ094Q, 24 x 24 inches, list price $48 and up;
ASIN: B005SDE8PC, 36 x 36 inches, list price $84.25 and up; (ASIN)
B009B38Z72, 12 X 12 inches, list price $79.80 and up; (ASIN) B009B38ENM, 12
x 12 inches, list price $87.00 and up; (ASIN) B009B36A5G, 12 x 12 inches, list
price $101.40 and up; (ASIN) B009B37190, 12 x 12 inches, list price $111.00 and
up; (ASIN) B009B36UEC, 12 x 12 inches, list price $135.20 and up; (ASIN)
B009B37LD6, 12 x 12 inches, list price $144.00 and up; (ASIN) B00983A1VK,
12 x 12 inches, list price $154.40 and up; (ASIN) B0070ZOYKU, 24 x 24 inches,
list price $187.10 and up; (ASIN) B0070Z11UM, 24 x 24 inches, list price $201.50
and up;  (ASIN) B0070Z1ABW, 24 x 24 inches, list price $249.50 and up; (ASIN)
B007OZ06EE, 24 x 24 inches, list price $230.30 and up; (ASIN) B005V09WJE,
36 x 36 inches, list price $275.65 and up; (ASIN) B005V0R4NK, 36 x 36 inches,
list price $297.25 and up; (ASIN) B007OYZA82, 24 x 24 inches, list price $305.90
and up; (ASIN) B0070YZXB6, 24 x 24 inches, list price $325.10 and up; (ASIN)
B005UZZCV2, 36 x 36 inches, list price $340.45 and up; (ASIN) B0070Z07L6, 24

x 24 inches, list price $344.30 and up; (ASIN) B005V0L1AM, 36 x 36 inches, list price $369.25 and up; (ASIN) B005V03OU2, 36 x 36 inches, list price $456.85 and up; (ASIN) B005UZYSA8, 36 x 36 inches, list price $485.65 and up; (ASIN) B005VOFRE8, 36 x 36 inches, list price $514.45 and up. *See* **Exhibit 17** for examples of Library Images infringing products.

152.

Defendant **Metaverse** has infringed and continues to infringe Zheng Li's copyrights by advertising and selling infringing products illustrating Zheng Li's copyrighted PIANO NO. 9 work of expression on its brand Internet stores at **www.fulcrumgallery.com**, **www.posterhero.com**, **www.urbanloftart.com**, **www.framedart.com**, **www.posters.mobi**, **www.vintagewall.com**, **www.jazzart.com**, **www.localframer.com**, and **www.faithart.com**, including, but not limited to, for example PIANO COLORATURA fine-art print with custom framing, laminate and canvas options (including Product ID# 706337, 12 x 12 inches, base price $15.99 and up; Product ID# 697635, 24 x 24 inches, base price $45.00 and up; and Product ID# 688464, 36 x 36 inches, base price $64.00 and up) shown in **Exhibit 18**.

153.

Defendant **Onlinewall Art** sometimes doing business as **ArtFuzz** and

**GetArtPosters** has infringed and continues to infringe Zheng Li's copyrights by

advertising and selling infringing products, including, but not limited, to PIANO

COLORATURA prints and posters by "P. Roberts" and "John and Elli Milan"

with custom options (*see* GetArtPoster's and ArtFuzz product Item #: EDL- 11498,

12x12 inches, base price $12.00 and up; EDL-11285, 24 x 24 inches, base price

$46.00 and up; Item #:002-483306/CO/5, 24 x 24 inches, base price $35.00 and up;

Item#002-475189/CO/5, 24 x 24 inches, base price $35.00 and up; ZZZ458784,

Item #:002-458082/CO/5, 36 x 36 inches, base price $69.39 and up; Item #:002-

458784/CO/5, 36 x 36 inches, base price $65.00 and up; Item #: EDL-111230,

36x36 inches, base price $65.00 and up) shown in the online advertising and

shopping carts at the interactive web galleries at **www.artfuzz.com** and

**www.getartposters.com** in **Exhibit 19**.

154.

Defendant **Picture Peddler** has infringed and continues to infringe Zheng

Li's copyright rights in PIANO NO. 9 by advertising and selling infringing artwork

reproductions poster prints illustrating Zheng Li's copyright expressions on its

Internet stores on eBay and Amazon, including but not limited to, eBay Edition

Size Product IDs: EL-11498-SKU (12 x 12 inches, base price $12.00); and IC-R591-SKU (24 x 24 inches, base price $35.00), and Amazon product identification nor locator numbers (ASIN): B007KOJSZ2 (12 x 12 inches, list price $12.00) and ASIN: B004ETZXOG (36 x 36 inches, list price $64.99).  *See* **Exhibit 20** for online advertising and shopping carts for the infringing Picture Peddler works.

155.

Defendant **Poster.com** has infringed and continues to infringe Zheng Li's copyrighted PIANO NO. 9 because it actively advertises and sells the infringing PIANO COLORATURA print (unframed and framed) from its interactive website store **www.poster.com**, including, without limitation, Product IDs:  #706337 (12 x 12 inches, base price $15.99 and up), # 697635 (24 x 24 inches, base price $45.99 and up); # 688464 (36 x 36 inches, base price $64.99 and up).  *See* **Exhibit 21**.

156.

Defendant **Poster Revolution** has infringed and is continuing to infringe Zheng Li's PIANO NO. 9 copyrights by advertising and selling products that infringe Zheng Li's copyrights, on its online store at **www.posterrevolution.com** including, without limitation, P. ROBERTS PIANO COLORATURA ART PRINT POSTER, 36 x 36 inches (SKU 638282) (Regular Price $65, Our Price $47.31) and

from its Amazon store product identification number (ASIN); B004DPC6SW.  *See* **Exhibit 22**, Poster Revolution's online advertisements and shopping cart for its infringing products.

157.

Defendant **Posters 2 Prints** has infringed and continues to infringe Zheng Li's copyrights and advertised and sold products (framed and unframed) illustrating Zheng Li's copyrighted PIANO NO. 9 work from its interactive Internet store **www.posters2prints.com** as its "Best Seller" new submissions print PIANO COLORATURA CANVAS GICLEE, 24 x 24 inches (Regular Price $220.49 and up), GICLEE PRINT 24 x 24 inches (Regular Price $87.99 and up), and ART PRINT 36 x 36 inches (Regular Price $64.99 and up), and through Amazon, product identification number (ASIN): B004VC6HCI, framed print 33.125 x 33.125 inches, price $254.03).  *See* **Exhibit 23** for the infringing Posters 2 Prints' products and shopping carts.

158.

Defendant **Prints.com** has infringed and continues to infringe Zheng Li's copyrights and advertised and sold products that infringe Zheng Li's copyrights in PIANO NO. 9, including, but not limited to, for example, Prints.com sells and distributes P. Robert PIANO COLORATURA from its **www.prints.com**

interactive store (Sku 5604507, $61.99; Sku 5604508; Sku 5664475; Sku 5667371; and Sku 5667751), and John Milan PIANO COLORATURA (Sku #5730334 and Sku # 5730708) and from its eBay store R. Robert PIANO COLORATURA Item # 330791712771 (36 x 36 inches, $61.99). *See* **Exhibit 24** for Prints.com's online advertisements and shopping carts for infringing products.

159.

Defendants **Somerset Studios, Incorporated** and **Somerset Studios of North Carolina, Inc.** have infringed and continue to infringe Zheng Li's copyrights by making, advertising, and selling infringing products including the P. Roberts PIANO COLORATURA shown in galleries and show rooms including in this judicial district illustrating Zheng Li's copyrighted PIANO NO. 9 expressions, and they have sold and distributed the infringing works to other Defendants. *See* **Exhibit 25** for an example of Somerset Studios' infringing PIANO COLORATURA work prominently shown on its website home page.

160.

Defendant **Z Gallerie** has infringed and continues to infringe Zheng Li's copyrights and has advertised and sold products that infringe Zheng Li's copyrighted PIANO NO. 9 expression including the infringing PIANO COLORATURA which it sells from its store galleries including in Georgia and

this judicial district, as well as from its website, including, but not limited to, 51x 51 inches SKU#750513570 ($599.95) and 25.25 x 25.25 inches Sku # 725570745 ($99.95) shown in **Exhibit 26**.

### 161.

Defendants' unauthorized infringement of Zheng Li's PIANO NO. 9 violates Zheng Li's exclusive rights in and to the original artistic work under the Copyright Act, 17 U.S.C. § 106.

### 162.

Each of the Defendants knowingly directly infringed, induced, caused, participated in, materially contributed to and/or derived economic benefit from the infringement of Zheng Li's copyrights in and to PIANO NO. 9 and are liable to Zheng Li for copyright infringement pursuant to 17 U.S.C. § 501.

### 163.

Each of the Defendants has unlawfully profited, and continues to profit unlawfully, from its infringement of Zheng Li's copyrights in and to PIANO NO. 9 in an amount presently unknown to Zheng Li.

164.

In addition, each of the Defendants' infringing conduct has caused and continues to cause actual damages to Zheng Li.

165.

Zheng Li is therefore entitled to recover damages, which include his losses and any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504.

166.

Defendants' infringing conduct has also caused irreparable injury and damages to Zheng Li in an amount that is not capable of determination.  Unless permanently enjoined and restrained, Defendants' infringing conduct will cause further irreparable injury, leaving Zheng Li with no adequate remedy at law.

167.

Zheng Li is therefore entitled to monetary, injunctive, and other relief.

## COUNT II—CONTRIBUTORY COPYRIGHT INFRINGMENT

## AGAINST ALL DEFENDANTS

(17 U.S.C. § 101 *et seq.*)

168.

Zheng Li incorporates by reference paragraphs 1 through 167 above as if fully set forth herein.

169.

As alleged herein, numerous individuals and entities directly infringed Zheng Li's copyrighted PIANO NO. 9.

170.

By the actions alleged above, the Defendants have participated, encouraged, assisted, induced, caused, and/or materially contributed to a vast number of actual or imminent copyright infringements of the original PIANO NO. 9 in violation of 17 U.S.C. §§ 106 and 501.

171.

Defendants know or have reason to know of the actual or imminent direct infringements of Zheng Li's copyright in PIANO NO. 9.  Indeed, the Defendants actively promote the infringements, provide the tools that are indispensable to these infringements, and continuously facilitate the infringements.

172.

The infringements of Zheng Li's copyrighted PIANO NO. 9 that Defendants encourage, assist, induce, cause and/or materially contribute to through the conduct described above is without Zheng Li's consent and not otherwise permissible under the Copyright Act.

173.

The acts and conduct of Defendants, as alleged above in this Complaint constitute contributory copyright infringement.

174.

The foregoing acts of infringement by Defendants have been willful, intentional, purposeful, and with indifference to Zheng Li's rights.

175.

Zheng Li is entitled to recover from Defendants the damages he has
sustained and will sustain, and any gains, profits and advantages obtained by
Defendants as a result of their acts of infringement alleged above.  At present, the
amount of such damages, gains, profits and advantages cannot be fully ascertained
by Zheng Li, but will be established according to proof at trial.

## COUNT III—VICARIOUS COPYRIGHT INFRINGMENT

## AGAINST ALL DEFENDANTS

(17 U.S.C. § 101 *et seq.*)

176.

Zheng Li incorporates by reference paragraphs 1 through 175 above as if
fully set forth herein.

177.

As alleged herein, numerous individuals and entities directly infringed
Zheng Li's copyrighted PIANO NO. 9.

178.

Defendants had the right and ability to control the infringing acts of the individuals or entities who directly infringed Zheng Li's copyrighted PIANO NO. 9.

179.

Defendants have obtained a direct financial and interest benefit from the infringing activities of the individuals or entities who directly infringed Zheng Li's PIANO NO. 9.

180.

The acts and conduct of Defendants, as alleged above in this Complaint constitute vicarious copyright infringement.

181.

The foregoing acts of infringement by Defendants have been willful, intentional, purposeful, and with indifference to Zheng Li's rights.

182.

Zheng Li is entitled to recover from Defendants the damages he has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above.  At present, the

amount of such damages, gains, profits and advantages cannot be fully ascertained by Zheng Li, but will be established according to proof at trial.

## COUNT IV—DECLARATORY JUDGMENT

## AGAINST DEFENDANT SOMERSET STUDIOS INCORPORATED

(28 U.S.C. §§ 2201 and 2202)

183.

Zheng Li incorporates by reference paragraphs 1 through 182 above as if fully set forth herein.

184.

Defendant Somerset Studios Incorporated obtained a copyright registration in the infringing work PIANO COLORATURA, which is an unauthorized derivative work, Reg. No. VAu001048054 (the "Unauthorized Registration"). Such conduct constitutes fraud on the U.S. Copyright Office as Somerset Studios was required to disclose that its Unauthorized Registration was based on Pre-Existing Materials.

185.

As such, Zheng Li requests that this Court declare that the Unauthorized Registration was obtained through fraud, and thus not subject to copyright protection under 17 U.S.C. § 409, and order the U.S. Copyright Office to cancel the Unauthorized Registration.

186.

By reason of the foregoing, there now exists between the parties an actual and justiciable controversy concerning Zheng Li's and Somerset Studios' respective rights and obligation to the use of PIANO NO. 9, requiring declaratory relief.

187.

The aforesaid declaration is necessary and appropriate at this time to affirm Zheng Li's exclusive right to make use of PIANO NO. 9.

188.

Zheng Li has no adequate remedy at law.

189.

Accordingly, Zheng Li seeks, pursuant to 28 U.S.C. §§ 2201 and 2202, a judgment from this Court that Somerset Studios' copyright registration in the infringing PIANO COLORATURA is invalid and should be cancelled.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Zheng Li asks this Court to:

1)      Enter judgment in his favor and against Defendants;

2)      Find that Defendants have infringed Zheng Li's copyright rights in violation of 17 U.S.C. § 501;

3)      Award actual damages suffered by Zheng Li according to proof, and Defendants' profits from infringing his copyrights in accordance with proof pursuant to 17 U.S.C. § 504(b);

4)      Find that Defendants including Somerset Studios cannot assert copyright protection in any of the Infringing Works;

5)      Award Zheng Li his costs of suit and an award of reasonable attorney's fees;

6)     Order impoundment or destruction of all infringing articles under 17 U.S.C. § 503, which are in Defendants' possession, custody, or control;

7)     Permanently enjoin and restrain Defendants and their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from copying, distributing, marketing, selling, and making any other infringing use of Zheng Li's PIANO NO. 9 and any other artistic or visual works or other materials owned by or registered by Zheng Li;

8)     Award prejudgment and post-judgment interest on the above damages awards; and

9)     Award any other and further such relief as this Court deems just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues so triable.

Respectfully submitted this 9th day of October, 2012.


  /s/ John M. Bowler        
TROUTMAN SANDERS LLP
John M. Bowler, Esq.
Georgia Bar No. 071770
Michael D. Hobbs, Esq.
Georgia Bar No. 358160
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
(404) 885-3000 (telephone)
(404) 885-3995 (facsimile)
john.bowler@troutmansanders.com
michael.hobbs@troutmansanders.com

*Attorneys for Plaintiff Zheng Li*