# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| ZHENG LI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:12-cv-3523-LMM |
| THE AFFORDABLE ART COMPANY; | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## SOMERSET STUDIOS INCORPORATED'S
## PROPOSED JURY INSTRUCTIONS

Defendant Somerset Studios, Incorporated ("Somerset"), pursuant to Local Rule 16.4 and the Pre-Trial Order in this case, files these proposed jury instructions.

# TABLE OF CONTENTS

1.1   General Preliminary Instruction ........................................................... 1

What is Evidence ..................................................................................... 1

What is not Evidence .............................................................................. 2

Credibility of Witnesses ........................................................................ 3

Description of the Case........................................................................... 4

Burden of Proof ...................................................................................... 5

Conduct of the Jury................................................................................. 6

Taking Notes............................................................................................ 8

Course of the Trial .................................................................................. 8

1.3   Official English Translation/Interpretation ....................................... 10

1.4   Jury Questions  ..................................................................................... 11

1.5   Interim Statements ............................................................................... 13

1.6.1   COPYRIGHT – Preliminary Instructions .......................................... 14

Overview of Copyrights ........................................................................ 14

1.6.2   Overview of Copyrights ...................................................................... 17

2.7   In-Trial Instructions on News Coverage ........................................... 18

3.1   Introduction........................................................................................... 19

Court's Instructions to the Jury ........................................................... 19

3.2.2   The Duty to Follow Instructions – Corporate Party Involved........... 21

3.2.3   Inability to Compel Appearance of Chinese Nationals ..................... 22

3.4   Credibility of Witnesses ..................................................................... 23

3.5.1   Impeachment of Witnesses Because of Inconsistent Statements  ...... 25

3.3     Consideration of Direct and Circumstantial Evidence;
        Argument of Counsel; Comments by the Court ................................. 26

3.7.1   Responsibility for Proof – Plaintiff's Claim – Preponderance
        Of the Evidence ................................................................. 28

3.7.2   Responsibility for Proof – Affirmative Defense
        Preponderance of the Evidence .......................................... 30

3.8.1   Duty to Deliberate When Only the Plaintiff Claims Damages .......... 31

3.9     Election of Foreperson Explanation of Verdict Form(s) ................... 32

9.1     Copyright – Validity – General Charge ............................................... 34

9.2     Copyright – Validity – Originality ...................................................... 35

9.7     Copyright – Validity – How Obtained  ............................................... 37
        (For use where no presumption of validity applies)

9.10    Copyright – Validity – Ideas and Expression .................................... 39

9.11    Copyright – Validity – The Merger Doctrine ..................................... 42

9.12    Copyright – Ownership – General Charge ......................................... 45

9.13    Copyright – Ownership – Individual Authorship ............................... 48

9.17    Copyright – Infringement – Introduction to Elements ...................... 49

9.18    Copyright – Infringement – Access .................................................... 51

9.19    Copyright – Infringement – Substantial Similarity ........................... 56

9.24    Copyright – Defenses – Independent Creation ................................... 59

9.24.1  Copyright – Defenses – Prior Creation .............................................. 60

9.29   Copyright – Defenses – Affirmative Defense – Statute
       Of Limitations........................................................................ 61

9.30   Copyright – Damages – General Charge............................................ 63

9.31   Copyright – Damages – Defendants' Profits...................................... 64

10.1   Closing Instruction.............................................................. 68

**1.1 General Preliminary Instruction[1]**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally

_____

[1] Adapted from the 11th Circuit Pattern Jury Instruction § 1.1.

see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Zheng Li, claims the Defendants, Somerset Studios, Incorporated, Editions Limited West, Inc., and Z Gallerie, Inc. infringed his copyright in his acrylic painting *Piano No. 9*. Defendants deny those claims and contend that Defendants' artwork *Piano Coloratura* was not a copy of Plaintiff's work because it was created before Plaintiff's work or before the time when access to Plaintiff's work is alleged; that the shared portion of Plaintiff's work—a grand or baby grand piano—is not protectable; that the statute of limitations bar

Plaintiff's claims; and that Plaintiff has suffered no damages or failed to mitigate any alleged damages.

Plaintiff seeks to recover the profits of the Defendants attributable to the infringement. Each Defendant's profits consist of the amount of money that Defendant has made due to the infringement minus the Defendant's expenses attributable to the infringement. Plaintiff is not entitled to all of the Defendants' profits but only to the part of the profits due to the infringement.

Burden of proof:

Zheng Li has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Zheng Li must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Zheng Li and the evidence favoring Somerset, Editions and Z Gallerie on opposite sides of balancing scales, Zheng Li needs to make the scales tip to his side. If Zheng Li fails to meet this burden, you must find in favor of Somerset, Editions and Z Gallerie.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide

a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Somerset, Editions and Z Gallerie, or whichever Defendant asserts such defenses, have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts the Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that the Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Zheng Li will present his witnesses and ask them questions. After Zheng Li questions the witness, the Defendants may ask the witness questions – this is called "cross-examining" the witness. Then each Defendant will present its witnesses, and Zheng Li may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.  You should keep an

open mind until you have heard all the evidence.  It is not fair to the parties for you to reach any conclusions about the case until you have heard from all the parties.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**GIVEN AS REQUESTED** \_\_\_\_\_

**GIVEN AS MODIFIED** \_\_\_\_\_

**REFUSED** \_\_\_\_\_

**WITHDRAWN** \_\_\_\_\_

**1.3 Official English Translation/Interpretation[2]**

You may hear or see languages other than English during this trial.

You must consider testimony provided through only the official court interpreters/translators. It is important that all jurors consider the same evidence. So even if some of you know Chinese, you must accept the English translation provided and disregard any different meaning.

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

_____

[2] 11th Circuit Pattern Jury Instruction § 1.3.

**1.4 Jury Questions**[3]

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not

---

[3] 11th Circuit Pattern Jury Instruction § 1.4.

draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

**1.5 Interim Statements[4]**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**GIVEN AS REQUESTED \_\_\_\_\_**

**GIVEN AS MODIFIED \_\_\_\_\_**

**REFUSED \_\_\_\_\_**

**WITHDRAWN \_\_\_\_\_**

---

[4] 11th Circuit Pattern Jury Instruction § 1.5.

## COPYRIGHT - - Preliminary Instructions

### 1.6.1 Overview of Copyrights[5]

(Read Before Opening)

This case involves a dispute relating to copyrights. To help you understand the evidence in this case, I will explain some of the legal concepts and terms you may hear during the trial.

Copyright law reflects a balance between society's interest in encouraging the creation of original works by rewarding authors on the one hand, and society's competing interest in the free flow of ideas and information on the other hand. The goal of copyright law attempts to strike a balance between protecting an author's particular expression, while also protecting the right of others to use the same concepts, ideas or facts.

Copyright protects original works of authorship that are expressed in a form that can be perceived, reproduced, or communicated.

Works of authorship can include literary works, musical works, dramatic works, pantomimes, choreographic works, pictorial works, graphic works,

---

[5] 11th Circuit Pattern Jury Instruction § 1.6.1.
Annotations: 17 U.S.C. § § 101, 102, and 106; *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345-346 (1991); *Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1248 (11th Cir. 1999).

sculptural works, motion pictures, audiovisual works, sound recordings, or architectural works.

Copyright protection, however, does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in the work.

To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. A work may be original even though it closely resembles other works so long as the similarity is not the result of copying. To illustrate, assume that two poets, each unaware of the other, compose identical poems. Both poems may be considered original.

The owner of a copyright has the exclusive right to reproduce, or copy, distribute copies of, and prepare derivative works based on the copyrighted work for a specific period of time. The owner of a copyright also has the exclusive right to perform and display the copyrighted work.

**GIVEN AS REQUESTED _____**

**GIVEN AS MODIFIED _____**

**REFUSED _____**

**WITHDRAWN _____**

**1.6.2: Overview of Copyrights**[6]

(Read Before Opening)

In this case, Zheng Li claims ownership of a copyright in a pictorial work titled *Piano No. 9*, and claims Somerset Studios, Incorporated, Editions Limited West, Inc., and Z Gallerie, Inc. have infringed the asserted copyright by reproducing or copying and distributing copies of the work without authorization. The Defendants deny infringing the asserted copyright, claim that their work, *Piano Coloratura* was previously and independently created by an artist who sold the painting to a company in China, and assert other defenses which I will describe later.

**GIVEN AS REQUESTED _____**

**GIVEN AS MODIFIED _____**

**REFUSED _____**

**WITHDRAWN _____**

---

[6] 11th Circuit Pattern Jury Instruction § 1.6.2.

## 2.7 In-Trial Instructions on News Coverage[7]

Reports about this may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may be talking to people with a bias on one side of the dispute, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**GIVEN AS REQUESTED _____**

**GIVEN AS MODIFIED _____**

**REFUSED _____**

**WITHDRAWN _____**

---

[7] Adapted from the 11th Circuit Pattern Jury Instruction § 1.6.2.

POST-TRIAL JURY CHARGE

**3.1 Introduction[8]**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ZHENG LI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:12-cv-3523-LMM |
| THE AFFORDABLE ART COMPANY; | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

---

[8] 11th Circuit Pattern Jury Instruction § 3.1.

**GIVEN AS REQUESTED _____**

**GIVEN AS MODIFIED _____**

**REFUSED _____**

**WITHDRAWN _____**

## 3.2.2 The Duty to Follow Instructions – Corporate Party Involved[9]

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

[9] 11th Circuit Pattern Jury Instruction § 3.2.2.

### 3.2.3.  Inability to Compel Appearance of Chinese Nationals

During the trial, you may hear references to or documents with the names of Stephen Chan and Yang Changhong.  The parties and this Court are not able to compel the appearance of at a trial located in the courts of the United States Stephen Chan and Yang Changhong, or other citizens of the People's Republic of China.  The People's Republic of China is the formal name of the country you may know as China.  In addition, their depositions have not been taken because under the law of the People's Republic of China, the taking of a deposition of its citizens is also prohibited.[10]   The fact that the appearances of Stephen Chan and Yang Changhong, or any other Chinese nationals, cannot be compelled to testify at this trial must not affect your decision in any way.

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

---

[10] *See* Dept. of State, Digest of U.S. Practice in International Law, 2000, at 160-161, *available at* http://www.state.gov/s/l/c8185.htm.

22

### 3.4 Credibility of Witnesses[11]

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

---

[11] 11th Circuit Pattern Jury Instruction § 3.4.

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements[12]

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**GIVEN AS REQUESTED _____**

**GIVEN AS MODIFIED _____**

**REFUSED _____**

**WITHDRAWN _____**

---

[12] 11th Circuit Pattern Jury Instruction § 3.5.1.

## 3.3 Consideration of Direct and Circumstantial Evidence;

Argument of Counsel; Comments by the Court[13]

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

---

[13] 11th Circuit Pattern Jury Instruction § 3.3.

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

### 3.7.1 Responsibility for Proof – Plaintiff's Claim – Preponderance of the Evidence[14]

In this case it is the responsibility of the Zheng Li to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Zheng Li's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Zheng Li.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Zheng Li's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

---

[14] 11th Circuit Pattern Jury Instruction § 3.7.1.

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

### 3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence[15]

In this case, the Defendants assert the affirmative defenses of statute of limitations, and failure to mitigate damages. Even if the Zheng Li proves his claim by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants do not have to disprove the Plaintiff's claim, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

---

[15] 11th Circuit Pattern Jury Instruction § 3.7.2.

## 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages[16]

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

---

[16] 11th Circuit Pattern Jury Instruction § 3.8.1.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**[17]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

---

[17] 11th Circuit Pattern Jury Instruction § 3.9.

**GIVEN AS REQUESTED _____**

**GIVEN AS MODIFIED _____**

**REFUSED _____**

**WITHDRAWN _____**

**9.1: Copyright – Validity – General Charge[18]**

To establish infringement, Zheng Li must prove two things:

First, you must find that Zheng Li owned a valid copyright.

And second, you must find that Defendants copied the work's original components.

I'll begin with instructions on validity and then explain ownership and infringement. After that I'll explain defenses and remedies.

**GIVEN AS REQUESTED _____**

**GIVEN AS MODIFIED _____**

**REFUSED _____**

**WITHDRAWN _____**

---

[18] 11th Circuit Pattern Jury Instruction § 9.1.

## 9.2: Copyright – Validity – Originality[19]

To qualify for copyright protection, the claimed work must be original to the author. "Original" means only that the author independently created the work – the author didn't copy it from other works – and it possesses at least a minimal degree of creativity.

<u>SPECIAL INTERROGATORIES TO THE JURY</u>

1. Do you find from a preponderance of the evidence that Plaintiff has proven that the claimed work, *Piano No. 9*, was original to Plaintiff?

Answer Yes or No     _____

If you answered "Yes," continue to the next question.  If you answered "No," do not answer any more questions.

---

[19] 11th Circuit Pattern Jury Instruction § 9.2.

Annotations: "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity... To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, 'no matter how crude, humble, or obvious' it might be." *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991) (internal citations omitted).

2. Do you find from a preponderance of the evidence that Plaintiff has proven that the claimed work possesses at least a minimal degree of creativity?

Answer Yes or No        _____

If you answered "Yes," continue to the next question.   If you answered "No," do not answer any more questions.

**GIVEN AS REQUESTED _____**

**GIVEN AS MODIFIED _____**

**REFUSED _____**

**WITHDRAWN _____**

## 9.7: Copyright – Validity – How Obtained[20]
### (For Use Where No Presumption of Validity Applies)

Copyright automatically exists in a work the moment it is created. The owner may register the copyright by depositing a copy of the copyrighted work in the Library of Congress's Copyright Office. After determining that the material is copyrightable and that legal and formal requirements have been satisfied, the Register of Copyrights registers the work and issues a certificate of registration to

---

[20] 11th Circuit Pattern Jury Instruction § 9.7.

Annotations: This instruction should be used for works as to which no presumption of validity applies. 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court."); *see also M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 n.4 (11th Cir. 1990).

An author has a valid copyright in an original work at the moment it is created and fixed in a tangible medium of expression. *See* 17 U.S.C. § 102(a); *McCaskill v. Ray*, 279 Fed. Appx 913, 916 (11th Cir. 2008) (citing *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 823 n.1 (11th Cir. 1982)). "Copyright registration is not a prerequisite to copyright protection. Moreover, registration of a copyright 'is not obligatory, although registration is a prerequisite to an infringement suit in certain circumstances and also is a prerequisite to certain infringement remedies.'" *Id.* (internal citation omitted); *see also* 17 U.S.C. §§ 408, 411, 412.

A certificate of copyright registration is refused only if it falls outside the broad category of matter eligible for copyright registration. *See* 17 U.S.C. § 410 (a).

the copyright owner. There's no administrative investigation on the originality or uniqueness of the work or a determination of the claim's validity. A certificate of copyright registration is refused only if the work falls outside the broad category of matter eligible for copyright registration.

So while the existence of a copyright registration may create some presumption that a work is indeed entitled to copyright protection, the fact that a copyright registration has been issued doesn't conclusively establish whether the work is entitled to copyright protection.

In this case, Zheng Li's copyright is not entitled to a presumption of validity. He has the burden of establishing by a preponderance of the evidence that he owns a valid copyright.


**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

## 9.10 Copyright – Validity – Ideas and Expression[21]

Copyright protection doesn't extend to all the elements of a copyrighted work. Elements covered by the copyright protection are called "protected matter," and non-covered elements are "unprotected matter." Because unprotected matter isn't entitled to copyright protection, another author may copy it.

There are various types of unprotected matter. They include:

• a portion of the work that isn't original to the author;

---

[21] 11th Circuit Pattern Jury Instruction § 9.10.

Annotations: No author may copyright facts or ideas. The copyright is limited to those aspects of the work that display the stamp of the author's originality. *See* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."); *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 349-50 (1991) (citing *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547-548 (1985)).

The example of Herman Melville's *Moby-Dick* is for the purpose of illustration only. That novel is in the public domain. *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1143 (11th Cir. 2007) (utilizing *Moby-Dick* in order to illustrate idea-expression dichotomy).

In addition to the statute and precedents discussed above, this charge is drawn from the American Bar Association, Section of Litigation's MODEL JURY INSTRUCTIONS, COPYRIGHT, TRADEMARK, AND TRADE DRESS LITIGATION. *See* MODEL JURY INSTRUCTIONS, COPYRIGHT, TRADEMARK AND TRADE DRESS LITIGATION §§ 1.4.2, 1.4.3, 1.4.4 (Todd S. Holbrook and Alan Nathan Harris eds., American Bar Association Section of Litigation, 2008).

- a portion of the work that's in the public domain; and

- an idea, concept, principle, discovery, fact, actual event, process, or method contained in a work

A work that's "in the public domain" is one that does not have copyright protection, so anyone may use all or part of it in another work without charge.

In copyright law, it's important to distinguish between the ideas in a work and the author's expression of the ideas. The ideas in a work are unprotected matter. But an idea must be expressed in some way, and the expression or means of expression of an idea is protected matter.

For example, copyright law doesn't protect the idea of a determined captain hunting a giant whale. But copyright law does protect the particular expression of this idea in the book *Moby-Dick*.

Put another way, the author of a work has no exclusive right to the underlying ideas, concepts, principles, discoveries, facts, actual events, processes, or methods contained in a work. But the author's copyright does extend to the means by which those are expressed, described, depicted, implemented, or otherwise communicated in the work.

If you find that Zheng Li is seeking copyright protection in:

- a portion of a work that isn't original to the author;

- a portion of the work that's in the public domain; or

- an idea, concept, principle, discovery, fact, actual event, process, or method expressed or described in a work,

you should exclude that material from the protected matter Zheng Li's copyright infringement claim can be based on.

## SPECIAL INTERROGATORIES TO THE JURY

**Do you find that Plaintiff is seeking copyright protection in:**

1. A portion of a work that is not original to the Plaintiff;

2. A portion of the work that is in the public domain; or

3. An idea, concept, principle, discovery, fact, actual event, process, or method expressed or described in a work?

Answer Yes or No          _____

If your answer to the above question is "Yes," as to any material in which Plaintiff is claiming copyright protection, you must exclude that material from the material on which Plaintiff's copyright infringement claim can be based.  Continue to the next question.

**GIVEN AS REQUESTED _____**

**GIVEN AS MODIFIED _____**

**REFUSED _____**

**WITHDRAWN _____**

## 9.11 Copyright – Validity – The Merger Doctrine[22]

Copyright law provides that an author can usually copy unprotected matter but not copy the manner another author selected for expressing a particular matter. But there's an exception to this prohibition if there's only one way, or only a few ways, of expressing the ideas or other unprotected matter in a work. In such cases, an author may copy the expression in the work to the extent necessary to express the unprotected matter. Defendants claim that this exception applies in this case.

This exception is called the "merger doctrine" because when there is only one way of expressing unprotected matter, the expression is said to have "merged" with the unprotected matter. The merger doctrine can apply to any unprotected matter such as ideas, facts, or events. The doctrine can apply to literal text, such as when facts can be effectively expressed only by using specific words or a limited

---

[22] 11th Circuit Pattern Jury Instruction § 9.11.

Annotations: "The merger doctrine provides that 'expression is not protected in those instances where there is only one or so few ways of expressing an idea that protection of the expression would effectively accord protection to the idea itself.'" *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1142 (11th Cir. 2007). The merger doctrine operates as an exception to the idea-expression dichotomy. *See id.* at 1143.

This charge is based upon that provided by the American Bar Association, Section of Litigation's MODEL JURY INSTRUCTIONS, COPYRIGHT, TRADEMARK, AND TRADE DRESS LITIGATION. *See* MODEL JURY INSTRUCTIONS, COPYRIGHT, TRADEMARK AND TRADE DRESS LITIGATION §§ 1.4.7 (Todd S. Holbrook and Alan Nathan Harris eds., American Bar Association Section of Litigation, 2008)

range of words. The merger doctrine can also apply to non-literal elements of a literary work, such as when it's necessary to recount factual events in the same order as another work to present historical facts accurately and intelligibly.

The merger doctrine also applies to pictorial, graphic, and sculptural works, such as when there are a limited number of ways of representing certain sorts of objects. For example, a sculpture that depicts a mermaid will necessarily have certain similarities to other sculptures of mermaids. It will have a female human's head, arms, and torso, and the tail of a fish. These necessary similarities among sculptures of mermaids can't, under the merger doctrine, be the basis for a finding of infringement because copyright law would then protect the idea of a mermaid.

## SPECIAL INTERROGATORIES TO THE JURY

1. Do you find that Plaintiff is seeking copyright protection in matter that may only be expressed in so few ways that to protect the expression would effectively grant Plaintiff a monopoly over matter that isn't protectable by copyright?

Answer Yes or No          _____

If your answer to this question is "Yes" for any of the material in which Plaintiff is claiming copyright protection, you must exclude that material from the

material on which Plaintiff's copyright infringement claim can be based.  Continue

to the next question.

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

## 9.12 Copyright – Ownership – General Charge[23]

---

[23] 11th Circuit Pattern Jury Instruction § 9.12.

Annotations: The legal or beneficial owner of an exclusive right under a copyright is entitled to institute an action for any infringement of that particular right committed while he or she is the owner of it. 17 U.S.C. § 501(b).

17 U.S.C. § 201(a) (Copyright in a work protected under this title vests initially in the author or authors of the work. The authors of a joint work are co-owners of copyright in the work.) "Authorship" as set forth in the charge above can include individual author, joint author and the employer as the "author" under the "work-for-hire" doctrine. Individual charges addressing each of these situations is set forth in other jury charges herein.

The term "creator" may be used in place of "author" to avoid confusion over the term author when dealing with non-literary works.

17 U.S.C. § 101 definition of copyright owner reflects fact that exclusive licensees are treated as copyright owners for purpose of protection and remedy pursuant to 17 U.S.C. § 201(d)(2). 17 U.S.C. § 101 ("Copyright owner," with respect to any one of the exclusive rights comprised in a copyright, refers to the owner of that particular right.). 17 U.S.C. § 201(d) provides:

(1) The ownership of a copyright may be transferred in whole or in part by any means of conveyance or by operation of law, and may be bequeathed by will or pass as personal property by the applicable laws of intestate succession.

(2) Any of the exclusive rights comprised in a copyright, including any subdivision of any of the rights specified by section 106, may be transferred as provided by clause (1) and owned separately. The owner of any particular exclusive right is entitled, to the extent of that right, to all of the protection and remedies accorded to the copyright owner by this title.

17 U.S.C. § 201(d).

Now that I've explained validity, we'll move to the issue of ownership.

Zheng Li must prove ownership of a copyright in *Piano No. 9* by a preponderance of the evidence. Zheng Li can prove ownership by evidence showing that he:

- is an author (or creator) of the work, or

---

Ownership of a copyright, or of any of the exclusive rights under a copyright, is distinct from ownership of any material object in which the work is embodied. Transfer of ownership of any material object, including the copy or phonorecord in which the work is first fixed, does not of itself convey any rights in the copyrighted work embodied in the object; nor, in the absence of an agreement, does transfer of ownership of a copyright or of any exclusive rights under a copyright convey property rights in any material object.

17 U.S.C. § 202. Section 204 addresses transfers of copyright ownership:

(a) A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.

(b) A certificate of acknowledgement is not required for the validity of a transfer, but is prima facie evidence of the execution of the transfer if - -

(1) in the case of a transfer executed in the United States, the certificate is issued by a person authorized to administer oaths within the United States; or

(2) in the case of a transfer executed in a foreign country, the certificate is issued by a diplomatic or consular officer of the United States, or by a person authorized to administer oaths whose authority is proved by a certificate of such an officer.

17 U.S.C. § 204(a).

- acquired legal ownership by transfer of the copyright in the exclusive rights Defendants allegedly infringed.

**GIVEN AS REQUESTED** \_\_\_\_\_

**GIVEN AS MODIFIED** \_\_\_\_\_

**REFUSED** \_\_\_\_\_

**WITHDRAWN** \_\_\_\_\_

## 9.13 Copyright – Ownership – Individual Authorship[24]

Zheng Li claims ownership of *Piano No. 9* as an author of the work – the creator of the original expression in a work that is entitled to copyright protection.

**GIVEN AS REQUESTED _____**

**GIVEN AS MODIFIED _____**

**REFUSED _____**

**WITHDRAWN _____**

---

[24] 11th Circuit Pattern Jury Instruction § 9.13.
Annotations: This charge is meant to incorporate by reference the validity (originality) and infringement (protectable expression) charges.

17 U.S.C. § 201(a) ("Copyright in a work protected under this title vests initially in the author or authors of the work. The authors of a joint work are co-owners of copyright in the work.").

*Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737, 109 S. Ct. 2166, 2170, 104 L. Ed. 2d, 811 (1989)

**9.17 Copyright – Infringement – Introduction to Elements[25]**

If you're persuaded that Zheng Li owns a valid copyright, you can consider whether Defendants improperly copied Zheng Li's copyrighted material. It is the burden of Zheng Li to show that the Defendants infringed on his valid copyright. This is called "infringement" of a copyright. Zheng Li must show that Defendants infringed on his valid copyright.

In this case, Zheng Li claims that Defendants infringed his copyright in *Piano No. 9* by copying part[s] of it and including the copied material in Defendants' work, *Piano Coloratura*. To succeed on this claim, Zheng Li must prove that Defendants copied the part[s] of Zheng Li's copyrighted work that the law protects.

There are two ways in which Zheng Li can prove a claim of copyright infringement.

First, Zheng Li can show direct evidence that Defendants actually copied the copyrighted material. For example, Zheng Li could introduce believable eyewitness testimony or an admission by Defendants. Such direct evidence is rare.

Or second, Zheng Li can show indirect or circumstantial evidence that Defendants copied his work. For example, indirect evidence of infringement may

---

[25] 11th Circuit Pattern Jury Instruction § 9.17.

be proof that Defendants tried to get a copy of Zheng Li's work and then published a work that is substantially similar to Zheng Li's work. In general, the two elements of infringement are (1) access and (2) substantial similarity.

**GIVEN AS REQUESTED \_\_\_\_\_**

**GIVEN AS MODIFIED \_\_\_\_\_**

**REFUSED \_\_\_\_\_**

**WITHDRAWN \_\_\_\_\_**

**9.18 Copyright – Infringement – Access[26]**

Remember, I described the two general elements of infringement as (1) access and (2) substantial similarity. I'll now discuss access in more detail.

Zheng Li can show that Defendants had "access" to his work by showing that Defendants had a reasonable opportunity to see the work. It isn't necessary to show that Defendants actually saw Zheng Li's work before creating Defendants'

---

[26] Adapted from 11th Circuit Pattern Jury Instruction § 9.18.
Annotations: This jury instruction applies when one party accuses another party of copyright infringement by means of copying from a copyrighted work and using the copied material in another later work. It can be used where printed materials are involved or in cases involving other copyrighted material.

Because direct evidence of copying is rare, the law provides for proof by circumstantial evidence as to all necessary elements. To the extent that Plaintiff relies on circumstantial evidence as to access or similarity, however, the presumption he creates is rebuttable. If the Defendant can prove independent creation, even if the two works appear to be copies, the Plaintiff cannot recover for copyright infringement.

*Original Appalachian Artworks, Inc. v. Toy Loft, Inc.,* 684 F.2d 821, 829 (11th Cir. 1982); *Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1248 (11th Cir. 1999).

*Baby Buddies, Inc. v. Toys 'R Us, Inc.,* 611 F. 3d 1308, 1315 (11th Cir. 2010) ("A plaintiff may prove copying directly, but because direct evidence of copying is rare a plaintiff may instead rely on indirect proof."); *Corwin v. Walt Disney World Co.,* 475 F.3d 1239, 1253 (11th Cir. 2007) ("Striking similarity exists where the proof of similarity in appearance is so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded.").

own work if the evidence reasonably establishes that Defendants could have seen it and could have copied it.

But you can't base a finding that Defendants had access to Zheng Li's work on mere speculation, conjecture, or a guess. To support a finding of access, there must be more than just a slight possibility of access. There must be a reasonable possibility of access.

Sometimes a plaintiff can't show that the defendants had access to his work before defendants created an alleged copy. In that case, the plaintiff can still establish a rebuttable presumption of copying by showing that the plaintiff's work pre-dates defendants' and the material defendants allegedly copied is so strikingly similar to his copyrighted material that the similarity is unlikely to have occurred unless there was copying.

Put another way, if Zheng Li's work and Defendants' work are so strikingly similar that a reasonable person would assume Defendants copied from Zheng Li's work and that there is no possibility of independent creation, prior creation, coincidence, or prior common source, then Zheng Li is entitled to a rebuttable presumption that copying occurred. "Strikingly similar" is a greater degree of similarity than "substantially similar." An accused work is substantially similar to an original piece if an ordinary observer would conclude that the accused work's

creator unlawfully took protectable material of substance and value from the original piece. Even if there is little similarity between the pieces, the accused work can still be substantially similar if the copied parts from the original piece are the important quality. A "rebuttable presumption" means that you assume that copying occurred unless Defendants prove that it didn't happen.

If Zheng Li shows (1) that Defendants had access to the copyrighted material and that there is substantial similarity between the two works, or (2) that the works are strikingly similar, and that Zheng Li's work pre-dates Defendants' work, then the burden of proof shifts to Defendants to prove that his work is an independent creation – not a copy. Proof that a work is an independent creation overcomes a presumption of copying.  In addition, there can be no finding of access if you find that Defendants' work was created prior to Plaintiff's work.[27]

## SPECIAL INTERROGATORIES TO THE JURY

1. Do you find from a preponderance of the evidence that Plaintiff has proven that one or more Defendants literally copied Plaintiff's work?

Answer Yes or No            _____

If you answered "Yes," indicate in the space below, and then don't answer Questions Nos. 2 through 4 and continue to the following question.

---

[27] *Pellegrino v. American Greetings Corp.*, 592 F. Supp. 459, 461-62 (D.S.D. 1984)

Which Defendant(s)? _____

If you answered "No" to the question, continue to the next question.

2. Do you find from a preponderance of the evidence that Plaintiff has proven that a Defendant had access to Plaintiff's work – that is, that a Defendant had a reasonable opportunity to view it – before the production of Defendants' work?

Answer Yes or No        _____

If you answered "Yes," don't answer Question No. 3 and continue to the following question.  If you answer "No," continue to the Question No. 4.

3. Do you find from a preponderance of the evidence that Plaintiff has proven that the allegedly copied part of Plaintiff's work is so strikingly similar to Defendants' work that the similarity is unlikely to have occurred unless there was copying of Plaintiff's work?

Answer Yes or No        _____

If you answered "Yes," continue to the next question.  If you answered "No," do not answer any more questions.

4. Do you find from a preponderance of the evidence that Defendants' work was independently created and was not copied from Plaintiff's work?

Answer Yes or No        _____

If you answered "Yes," do not answer any more questions.  If you answered "No" to Question No. 4, continue to the next question.

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

## 9.19 Copyright – Infringement – Substantial Similarity[28]

Having discussed access, I'll now discuss the issue of substantial similarity. Zheng Li must prove that Defendants' accused work is substantially similar to his copyrightable expression in the copyrighted work. Defendants' accused work is substantially similar in expression to Zheng Li's if an ordinary observer would conclude that Defendants unlawfully took Zheng Li's protectable expression by taking material of substance and value.

Even if the degree of similarity between Zheng Li's copyrighted work and Defendants' accused work is small in quantity, you can still find that there's substantial similarity if the copied portions of Zheng Li's copyrighted work are important in quality.

But if Defendants' copying is minimal or trivial, you shouldn't find infringement.

### SPECIAL INTERROGATORIES TO THE JURY

---

[28] 11th Circuit Pattern Jury Instruction § 9.19.
Annotations: The Eleventh Circuit's general test for substantial similarity is the "lay observer" or "ordinary observer" test, and it applies to works that can be seen or heard. *See Oravec v. Sunny Isles Luxury Ventures, L.C*., 527 F.3d 1218, 1224 n.5 (11th Cir. 2008); *Bateman v. Mnemonics Inc.,* 37 U.S.P.Q.2d 1225 (11th Cir. 1995), *vacated in part, reversed in part and remanded,* 38 U.S.P.Q.2d 1225 (11th Cir. 1996); *Original Appalachian Artworks, Inc. v. Toy Loft, Inc*., 684 F.2d 821, 829 (11th Cir. 1982).

1. Do you find from a preponderance of the evidence that Plaintiff has proven that an ordinary observer, upon looking at both Defendants' *Piano Coloratura* and Plaintiff's *Piano No. 9*, would conclude that there are similarities.

Answer Yes or No        _____

If you answered "Yes," continue to the next question.  If you answered "No," do not answer any more questions.

2. Do you find from a preponderance of the evidence that Plaintiff has proven that the similarities are more than trivial?

Answer Yes or No        _____

If you answered "Yes," continue to the next question.  If you answered "No," do not answer any more questions.

3. Do you find from a preponderance of the evidence that Plaintiff has proven that even if the similarities are small in quantity, they are substantial in quality?

Answer Yes or No        _____

If you answered "Yes," continue to the next question.  If you answered "No," do not answer any more questions.

4. Do you find from a preponderance of the evidence that Plaintiff has proven that the similarities are sufficiently substantial to cause an ordinary observer to conclude that a Defendant unlawfully took Plaintiff's protectable expression by taking material of substance and value?

Answer Yes or No        _____

If you answered "Yes," continue to the next question.  If you answered "No," do not answer any more questions.

5. On Plaintiff's claim that the *Piano No. 9* and the accused work of *Piano Coloratura* are substantially similar we find for (check one):

Plaintiff:        _____

Defendants: _____

If you answered "Plaintiff," continue to the next question.  If you answered "Defendants," do not answer any more questions.

**GIVEN AS REQUESTED _____**

**GIVEN AS MODIFIED _____**

**REFUSED _____**

**WITHDRAWN _____**

## 9.24 Copyright – Defenses – Independent Creation[29]

As a defense, Defendants assert that the work, *Piano Coloratura*, was created independently – without copying Zheng Li's copyrighted work.  There is no copyright infringement where the defendant independently created the challenged work.

If you find by a preponderance of the evidence that Defendants' work was created independently, you should find in Defendants' favor.

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

---

[29] Adapted from the 11th Circuit Pattern Jury Instruction § 9.24.
Annotations: This jury instruction applies when a Defendant raises as a defense that his work's origin was of independent creation. A Defendant can fully negate any infringement claim if he can prove by a preponderance of the evidence that he independently created his work. *See Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1233 (11th Cir. 2002) (affirming district court's grant of summary judgment in favor of Defendant where Defendant presented uncontradicted evidence of independent creation, even though Plaintiff's and Defendant's works were "practically identical") (citing *Benson v. Coca-Cola Co.*, 795 F.2d 973, 975 (11th Cir. 1986) ("[U]ncontradicted evidence of independent creation… fully negat[es] any claim of infringement.")).

### 9.24.1  Copyright – Defenses – Prior Creation[30]

As a defense, Defendants assert that the work, *Piano Coloratura*, was created prior to Zheng Li's copyrighted work.  There can be no infringement where the defendant's challenged work was created before plaintiff's work.

If you find by a preponderance of the evidence that Defendants' work was created before Plaintiff's work, you should find in Defendants' favor.

**GIVEN AS REQUESTED** _____

**GIVEN AS MODIFIED** _____

**REFUSED** _____

**WITHDRAWN** _____

_____

[30] Adapted from the 11th Circuit Pattern Jury Instruction § 9.24.  *See also, Pellegrino v. American Greetings Corp.*, 592 F. Supp. 459, 461-62 (D.S.D. 1984) (plaintiff's copyright infringement claim fails due to defendant's prior creation of its work).

**9.29 Copyright – Defenses – Affirmative Defense – Statute of Limitations[31]**

Defendants claim that Zheng Li's copyright claim is barred by the statute of limitations, which is a time limit for bringing a claim.

To establish that the statute of limitations bars Zheng Li's copyright claim, Defendants must prove by a preponderance of the evidence that Zheng Li failed to file his lawsuit within three years after he knew or, in the exercise of reasonable diligence, should have known about the infringement.

Each act of infringement is a separate harm that creates an independent claim for relief. The statute of limitations only prevents Zheng Li from recovering remedies for infringing acts that occurred more than three years before Zheng Li filed his lawsuit.

SPECIAL INTERROGATORIES TO THE JURY

1. Did Plaintiff fail to file his lawsuit within three years after he knew or, in the exercise of reasonable diligence, should have known about the infringement?

Answer Yes or No     _____

If you answered "Yes," continue to the next question.  If you answered "No," do not answer the Question No. 2 and continue the following question.

---

[31] 11th Circuit Pattern Jury Instruction § 9.29.

2. If the answer to the above question is "Yes," do you find that the statute of limitations bars Plaintiff's copyright infringement claim?

Answer Yes or No _____

If you answered "Yes," do not answer any more questions.  If you answered "No," continue to the next question.


**GIVEN AS REQUESTED \_\_\_\_\_**

**GIVEN AS MODIFIED \_\_\_\_\_**

**REFUSED \_\_\_\_\_**

**WITHDRAWN \_\_\_\_\_**

**9.30 Copyright – Damages – General Charge[32]**

      If you find that Zheng Li has failed to prove his copyright infringement claim or that Defendants have proved their affirmative defense[s] by a preponderance of the evidence, you won't consider the question of damages. If you find that Zheng Li has proved by a preponderance of evidence that Defendants have infringed Zheng Li's copyright, and Defendants have not proved a defense, you must determine whether Zheng Li is entitled to recover damages.

      The law allows a successful plaintiff to recover the actual damages suffered by Plaintiff Zheng Li as a result of the infringement.  Here, Zheng Li asserts that his damages are measured as the profits of Defendants attributable to the infringement.

      In the next instruction, I'll define how you must determine the amount of damages, if any, to award to Zheng Li.

**GIVEN AS REQUESTED \_\_\_\_\_**

**GIVEN AS MODIFIED \_\_\_\_\_**

**REFUSED \_\_\_\_\_**

**WITHDRAWN \_\_\_\_\_**

---

[32] 11th Circuit Pattern Jury Instruction § 9.30; O'Malley Federal Jury Practice and Instructions (6th Ed.) § 160:89.

## 9.31 Copyright – Damages – Defendants' Profits[33]

If you find Zheng Li has proven his copyright infringement claim and if you find that damages are to be awarded in this case, then Zheng Li would be entitled to recover the profits of Defendants attributable to the infringement.  Each Defendant's profits consist of the amount of money that Defendant has made due to the infringement, after deducting the Defendant's expenses attributable to the infringing work.

Where there are multiple defendants, as in this case, each defendant is separately liable for its own profits.[34]

Profits are determined by deducting all expenses, direct and indirect, from gross revenue.  Gross revenue is all of the particular Defendant's receipts from the use or sale of a work containing or using the copyrighted work.  Plaintiff has the burden of proving gross revenue by a preponderance of the evidence.[35]

Expenses are all operating, overhead, marketing and production costs incurred in producing gross revenues.  For example, direct costs include framing,

---

[33] Adapted from O'Malley Federal Jury Practice and Instructions (6th Ed.) §§ 160:89, 160:91; 9th Circuit Pattern Jury Instruction § 17.24; 17 U.S.C. § 504.

[34] *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985).

[35] O'Malley Federal Jury Practice and Instructions (6th Ed.) § 160:91.

packaging, freight costs and sales commissions attributable to the infringement.[36] Indirect costs, such as advertising and promotional expenses, rent and other showroom expenses, and salaries and benefits contributing to the production of the infringing work may also properly be deducted.[37]  Each Defendant has the burden of proving its own expenses by a preponderance of the evidence.[38]

Unless you find that a portion of the profit from the use or sale of a work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, the total profit is attributable to the infringement.

Plaintiff is not entitled to all of the Defendants' profits, but only to the part of the Defendants' profits due to the infringement.  If the Defendants' work was profitable for reasons that had nothing to do with Defendants' infringement of Plaintiff's work, then the Plaintiff is not entitled to recover those portions of Defendants' profits, because they did not result from the infringement.[39]  In this case, for example, you may consider what portion of Defendants' profits are attributable to the painting and what portion are attributable to factors other than the painting, such as the frame.

---

[36] *Folkens v. Wyland*, 2002 U.S. Dist. LEXIS 13519, at *14 (N.D. Cal. 2002).
[37] *Folkens v. Wyland*, 2002 U.S. Dist. LEXIS 13519, at *18 (N.D. Cal. 2002).
[38] Adapted from the 9th Circuit Pattern Jury Instruction § 17.24.
[39] O'Malley Federal Jury Practice and Instructions (6th Ed.) §§ 160:89.

Defendants have the burden of proving the expenses and the portion of the profits attributable to factors other than the copyrighted work by a preponderance of the evidence.[40]

You must decide what extent Defendants' sales and profits were attributable to copyright infringement, and whether Plaintiff is entitled to all of the Defendants' profits, or none of Defendants' profits, or something in between.

## SPECIAL INTERROGATORIES TO THE JURY

1. With respect to your finding that one or more Defendants has infringed Plaintiff's copyright, what amount of money do you determine to be Defendants' respective profit(s), if any, earned because of infringements occurring after October 9, 2009, if any?

Answer concerning Defendant Somerset Studios, Incorporated.

$_____

Answer concerning Defendant Z Gallerie.

$_____

Answer concerning Defendant Editions Limited West, Inc.

$_____

Continue to the next question.

2. Did Plaintiff fail to mitigate his damages?

---

[40] O'Malley Federal Jury Practice and Instructions (6th Ed.) §§ 160:91.

Answer Yes or No          _____

If you answered "Yes," indicate below the amount in which Plaintiff failed to mitigate his damage for each Defendant and which should be deducted from the respective profits indicated above in Question 1, if any.

Answer concerning Defendant Somerset Studios, Incorporated.

$_____

Answer concerning Defendant Z Gallerie.

$_____

Answer concerning Defendant Editions Limited West, Inc.

$_____


**GIVEN AS REQUESTED _____**

**GIVEN AS MODIFIED _____**

**REFUSED _____**

**WITHDRAWN _____**

## 10.1   Closing Instruction[41]

You will now retire to the jury room and begin your deliberations.  A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

---

[41] Adapted from the 11th Circuit Pattern Jury Instruction § 3.9.

Respectfully submitted, this the 14th day of April 2015.

/s/ Reid L. Phillips
Reid L. Phillips
N.C. State Bar No. 7968
*Admitted pro hac vice*


/s/ David W. Sar
David W. Sar
N.C. State Bar No. 23533
*Admitted pro hac vice*


/s/ Rebecca L. Cage
Rebecca L. Cage
N.C. State Bar No. 41144
*Admitted pro hac vice*

Brooks, Pierce, McLendon,
 Humphrey & Leonard, L.L.P.
(230 North Elm Street, Suite 2000)
Post Office Box 26000
Greensboro, NC 27420-6000
Phone:        336-373-8850
Facsimile:   336-378-1001


/s/ Leigh M. Wilco
Leigh M. Wilco
Ga. State Bar No. 758399
Weissman, Nowack, Curry &
 Wilco, P.C.
One Alliance Center - 4th Floor
3500 Lenox Road
Atlanta, GA 30326
Phone:        404-926-4514
Facsimile:   404-926-4714