## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ZHENG LI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 1:12-cv-03523-LMM |
| v. | ) | |
| | ) | |
| THE AFFORDABLE ART COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF ZHENG LI'S PROPOSED
## PRELIMINARY AND FINAL JURY INSTRUCTIONS AND
## LOCAL RULE 51.1(B) STATEMENT OF PLAINTIFF'S CONTENTIONS

COMES NOW, Plaintiff Zheng Li, by and through his undersigned counsel,

and pursuant to Local Rule 51.1 hereby files his proposed instructions to the jury,

set forth separately herein, as follows:

**Table of Contents**

Page

I.    INTRODUCTION – LR 51.1B STATEMENT ...........................................1

II.   PRELIMINARY INSTRUCTIONS........................................................2

    PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION
        NO. 1 (General Instruction) .................................................2

    PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION
        NO. 2 (Official English Translation/Interpretation) ..........................10

    PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION
        NO. 3 (Jury Questions)......................................................11

    PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION
        NO. 4 (Interim Statements) .................................................13

    PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION
        NO. 5 (Copyright) .........................................................14

    PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION
        NO. 6 (Stipulations) ......................................................16

    PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION
        NO. 7 (Use of Depositions)..................................................17

    PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION
        NO. 8 (Use of Interrogatories) ............................................18

III.  FINAL INSTRUCTIONS ...............................................................19

    PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 1
        (Introduction)............................................................19

    PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 2
        (The Duty to Follow Instructions—Corporate Party Involved).........20

    PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 3
        (Consideration of Direct and Circumstantial Evidence)...................21

    PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 4
        (Charts and Summaries Not Received In Evidence).........................23

    PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 5
        (Charts and Summaries In Evidence )......................................24

# TABLE OF CONTENTS
## (continued)

Page

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 6
(Credibility of Witnesses) ..................................................................25

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 7
(Impeachment of Witnesses Because of Inconsistent Statements) ...27

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 8
(Responsibility for Proof – Plaintiff's Claims– Preponderance of
the Evidence) ......................................................................................28

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 9
(Responsibility for Proof – Affirmative Defense) ............................29

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 10
(Duty to Deliberate When Only the Plaintiff Claims Damages) .......30

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 11
(Election of Foreperson/Explanation of Verdict Form)....................31

**IV.   SUBSTANTIVE COPYRIGHT INFRINGEMENT ...............................33**

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 12
(Copyright – Validity).......................................................................33

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 13
(Copyright – Validity – Originality) ..................................................34

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 14
(Copyright – Validity – Effect of Registration) .................................35

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 15
(Copyright – Validity – Registration – Supplemental
Registration) ......................................................................................36

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 16
(Copyright – Validity – How Obtained (For Use Where No
Presumption of Validity Applies))....................................................37

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 17
(Copyright – Ownership – General Charge) ......................................39

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 18
(Copyright – Infringement – Liability for Infringement)..................40

# TABLE OF CONTENTS
## (continued)

Page

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 19
(Copyright – Infringement – Introduction to Elements) ...................41

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 20
(Copyright – Infringement – Access)...................................................43

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 21
(Copyright – Infringement – Substantial Similarity) ........................46

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 22
(Copyright – Defenses – Independent Creation)...............................47

**V.   DAMAGES ...........................................................................................48**

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 23
(Copyright – Damages – General Charge).........................................48

PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 24
(Copyright—Damages—Defendant's Profits  (17 U.S.C. §
504(B)))………………………………………………………..49

## II.     INTRODUCTION – LR 51.1B STATEMENT

In this case, Plaintiff Zheng Li is the owner of U.S. Copyright Registration Number VA0001827430 for a visual artwork titled "Piano No. 9."  "Piano No.  9" appeared on the front cover and inside of Mr. Li's published art book *Zheng Li— The Paintings.*

Mr. Li claims that Defendants Somerset Studios, Incorporated, Editions Limited West, Inc., and Z Gallerie are liable for copyright infringement by their distribution, sales, and marketing of canvas prints or posters of a work titled "Piano Coloratura," which was created by Hugo Arts Co. who copied Mr. Li's "Piano No. 9."  Hugo Arts supplied the accused "Piano Coloratura" work to Somerset, who sold "Piano Coloratura" to its customers including Editions Limited West and Z Gallerie, who sold prints or posters of "Piano Coloratura."  Mr. Li is seeks the recovery of profits of Somerset, Editions Limited West, and Z Gallerie which are attributable to the copyright infringement.

Somerset, Z Gallerie, and Editions Limited West claim that "Piano Coloratura" was independently created by Hugo Arts.

## III.    PRELIMINARY INSTRUCTIONS

## PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally

see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

4

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil copyright case. To help you follow the evidence, I'll summarize the parties' positions. I will refer to Zheng Li as Li.

I will refer to Somerset Studios, Incorporated, Editions Limited West, and Z Gallerie as the Somerset parties.

Li claims that the Somerset parties infringed Li's copyright in his artwork. Li claims that the painting "Piano Coloratura" sold by the Somerset parties infringes the copyright in Li's painting "Piano No. 9." Li has sued the Somerset parties for his claim for copyright infringement.

Li has the burden of proving this claim.

The Somerset parties deny Li's claim.

Burden of proof:

Plaintiff Zheng Li has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Mr. Li must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Mr. Li and the evidence favoring Somerset, Z-Gallerie, and Editions Limited West on opposite sides of balancing scales, Mr. Li needs to make the scales tip to his side. If Mr. Li fails to meet this burden, you must find in favor of Somerset, Z-Gallerie, and Editions Limited West.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them

information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom.

It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's

not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Mr. Li will present his witnesses and ask them questions. After Mr. Li's counsel questions the witness, Somerset, Z-Gallerie and ELW counsel may ask the witness questions – this is called "cross-examining" the witness. Then Somerset, Z-Gallerie and ELW will present their witnesses, and Mr. Li's counsel may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, General Preliminary Instruction No. 1.1 (2013).

## PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 2

**Official English Translation/Interpretation**

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court translators. It is important that all jurors consider the same evidence. So even if some of you know Chinese, you must accept the English translation provided and disregard any different meaning.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Preliminary Instruction No. 1.3 (2013).

10

**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 3**

**Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not

draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Preliminary Instruction No. 1.4 (2013).

## PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 4

**Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Preliminary Instruction No. 1.5 (2013).

13

<u>**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 5**</u>

**COPYRIGHT - - Preliminary Instructions**

<u>Overview of Copyrights</u>

(Read Before Opening at Court's Discretion)

This case involves a dispute relating to copyrights. To help you understand the evidence in this case, I will explain some of the legal concepts and terms you may hear during the trial.

Copyright law reflects a balance between society's interest in encouraging the creation of original works by rewarding authors on the one hand, and society's competing interest in the free flow of ideas and information on the other hand. The goal of copyright law attempts to strike a balance between protecting an author's particular expression, while also protecting the right of others to use the same concepts, ideas or facts.

Copyright protects original works of authorship that are expressed in a form that can be perceived, reproduced, or communicated.

Works of authorship can include literary works, musical works, dramatic works, pantomimes, choreographic works, pictorial works, graphic works, sculptural works, motion pictures, audiovisual works, sound recordings, or architectural works.

14

Copyright protection, however, does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in the work.

To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. A work may be original even though it closely resembles other works so long as the similarity is not the result of copying. To illustrate, assume that two poets, each unaware of the other, compose identical poems. Both poems may be considered original.

The owner of a copyright has the exclusive right to reproduce, or copy, distribute copies of, and prepare derivative works based on the copyrighted work for a specific period of time.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Preliminary Instruction No. 1.6.1 (2013).

**<u>PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 6</u>**

**Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

<u>Authority</u>:

Eleventh Circuit Civil Pattern Jury Instructions, Trial Instruction No. 2.1 (2013).

## **PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 7**

**Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Trial Instruction No. 2.2 (2013).

## **PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 8**

### **Use of Interrogatories**

You may hear answers that the parties gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, the parties gave the answers in writing while under oath.

You must consider the answers a party gave to the other side's interrogatories as though they gave the answers on the witness stand.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Preliminary Instruction No. 2.6 (2013).

## IV.    FINAL INSTRUCTIONS

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 1

### Introduction

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.1 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 2

**The Duty to Follow Instructions—Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.2.2 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 3

**Consideration of Direct and Circumstantial Evidence;**

   **Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

<u>Authority</u>:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.3 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 4

**Charts and Summaries Not Received In Evidence**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority:

Ninth Circuit Manual of Model Civil Jury Instructions, Instruction No. 2.12 (2007).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 5

**Charts and Summaries In Evidence**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority:

Ninth Circuit Manual of Model Civil Jury Instructions, Instruction No. 2.13 (2007). *See United States v. Johnson*, 594 F.2d 1253, 1254-55 (9th Cir.1979) (error to permit the introduction of a summary of evidence without the establishment of a foundation for theevidence). *See also* Fed. R. Evid. 1006.

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 6

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

<u>Authority</u>:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.4 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 7

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.5.1 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 8

**Responsibility for Proof – Plaintiff's Claims– Preponderance of the Evidence**

In this case it is the responsibility of Zheng Li to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Li's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Mr. Li on his claim. .

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Mr. Li's claim by a preponderance of the evidence, you should find for the defendants as to that claim.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.7.1 (2013).

28

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 9

**Responsibility for Proof – Affirmative Defense**

**Preponderance of the Evidence**

In this case, the defendants assert the affirmative defense of independent creation. Even if Mr. Li proves his copyright claim by a preponderance of the evidence, the defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

[When more than one affirmative defense is involved, you should consider each one separately.]

I caution you that the defendants do not have to disprove Mr. Li's claims, but if the defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.7.2 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 10

**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.8.1 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 11

**Election of Foreperson/Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

<u>Authority</u>:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.9 (2013).

## V.   SUBSTANTIVE COPYRIGHT INFRINGEMENT

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12

**Copyright – Validity**

To establish infringement, Zheng Li must prove two things:

First, you must find that Mr. Li owned a valid copyright.

And second, you must find that the work reproduced, distributed or sold by Somerset Studios, Editions Limited West, and Z Gallerie copied the original components of Mr. Li's work.

I'll begin with instructions on validity and then explain ownership and infringement. After that I'll explain defenses and remedies.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.1 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 13

**Copyright – Validity – Originality**

To qualify for copyright protection, the claimed work must be original to the author. "Original" means only that the author independently created the work – the author didn't copy it from other works – and it possesses at least a minimal degree of creativity.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.2 (2013).

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 14**

**Copyright – Validity – Effect of Registration**

For original works created after 1977, the work is automatically copyrighted at the moment of creation – even if the work is never registered with the United States Copyright Office.  But generally, no suit for copyright infringement can be brought if the copyright hasn't been registered.

A certificate of registration made within five years after the first publication of the claimed work is evidence of the copyright's validity and the facts stated in the certificate.  Specifically, the copyright registration creates a rebuttable presumption of validity.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.4 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 15

**Copyright – Validity – Registration – Supplemental Registration**

Supplemental registration is available to correct an error or to expand the information given in a copyright registration. Correction is appropriate if information in the basic registration was incorrect when it was made, and the error is not one that the Copyright Office itself should have recognized. Information contained in a supplemental registration adds to – but doesn't supersede – information contained in the earlier registration. Supplemental registration can be made only if a basic copyright registration for the same work has already been completed.

The Copyright Office relies on the information in the "Nature of Authorship" space on Registration Form VA as the primary source for defining the registration's scope.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.6 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 16

**Copyright – Validity – How Obtained (For Use Where No Presumption of Validity Applies)**

Copyright automatically exists in a work the moment it is created. The owner may register the copyright by depositing a copy of the copyrighted work in the Library of Congress's Copyright Office. After determining that the material is copyrightable and that legal and formal requirements have been satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner. There's no administrative investigation on the originality or uniqueness of the work or a determination of the claim's validity. A certificate of copyright registration is refused only if the work falls outside the broad category of matter eligible for copyright registration.

So while the existence of a copyright registration may create some presumption that a work is indeed entitled to copyright protection, the fact that a copyright registration has been issued doesn't conclusively establish whether the work is entitled to copyright protection.

In this case, Zheng Li's copyright isn't entitled to a presumption of validity. He has the burden of establishing by a preponderance of the evidence that he owns a valid copyright.

<u>Authority</u>:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.7 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 17

**Copyright – Ownership – General Charge**

Now that I've explained validity, we'll move to the issue of ownership.

Zheng Li must prove ownership of a copyright in "Piano No. 9" by a preponderance of the evidence. Mr. Li can prove ownership by evidence showing that he is an author (or creator) of the work and didn't transfer to another the exclusive rights being asserted.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.12 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 18

**Copyright – Infringement – Liability for Infringement**

One who reproduces, prepares derivative works from, or distributes a

copyrighted work without authority from the copyright owner during the term of

the copyright, infringes the copyright.

Authority:

Ninth Circuit Manual of Model Civil Jury Instructions, Instruction No. 17.0
(2007).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 19

**Copyright – Infringement – Introduction to Elements**

If you're persuaded that Zheng Li owns a valid copyright, you can consider whether Hugo Arts, who supplied the "Piano Coloratura" work to Somerset Studios, Editions Limited West, and Z Gallerie, improperly copied Zheng Li's copyrighted material. It is the burden of Zheng Li to show that Somerset Studios, Editions Limited West, and Z Gallerie infringed on his valid copyright. This is called "infringement" of a copyright.

In this case, Zheng Li claims that Somerset Studios, Editions Limited West, and Z Gallerie infringed his copyright in "Piano No. 9" by reproducing, distributing, or selling a painting or poster entitled "Piano Coloratura."  Zheng Li claims that their supplier Hugo Arts copied parts of "Piano No. 9" and included the copied material in "Piano Coloratura," and that Hugo Arts supplied "Piano Coloratura" to Somerset Studios, who sold it to customers including Editions Limited West, and Z Gallerie, who sold and distributed "Piano Coloratura" as prints and posters.  To succeed on this claim, Zheng Li must prove that Hugo Arts copied the parts of Zheng Li's copyrighted work that the law protects, and that Somerset Studios, Editions Limited West, and Z Gallerie reproduced, distributed, or sold the allegedly infringing work.

There are two ways in which Zheng Li can prove a claim of copyright infringement.

First, Zheng Li can show direct evidence that Hugo Arts actually copied the copyrighted material. For example, Zheng Li could introduce believable eyewitness testimony or an admission. Such direct evidence is rare.

Or second, Zheng Li can show indirect or circumstantial evidence that Hugo Arts copied his work. For example, indirect evidence of infringement may be proof that Hugo Arts tried to get a copy of Zheng Li's work and then published a painting that is substantially similar to Zheng Li's "Piano No. 9". In general, the two elements of infringement are (1) access and (2) substantial similarity.

<u>Authority</u>:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.17 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 20

**Copyright – Infringement – Access**

Remember, I described the two general elements of infringement as (1) access and (2) substantial similarity. I'll now discuss access in more detail.

Zheng Li can show that the creator of "Piano Coloratura," Hugo Arts, had "access" to his work by showing that Hugo Arts had a reasonable opportunity to see the work. It isn't necessary to show that Hugo Arts actually saw Zheng Li's work before creating "Piano Coloratura" if the evidence reasonably establishes that they could have seen it and could have copied it.

But you can't base a finding that Hugo Arts had access to Zheng Li's work on mere speculation, conjecture, or a guess. To support a finding of access, there must be more than just a slight possibility of access. There must be a reasonable possibility of access.

Sometimes a plaintiff can't show that someone had access to his or her work before creation of an alleged copy. In these cases, a plaintiff can still establish a rebuttable presumption of copying by showing that the material someone allegedly copied is so strikingly similar to his or her copyrighted material that the similarity is unlikely to have occurred unless there was copying.

Put another way, if "Piano No. 9" of Zheng Li and "Piano Coloratura" of Somerset, Editions Limited West, and Z Gallerie are so strikingly similar that a reasonable person would assume Hugo Arts copied Zheng Li's work and that there is no possibility of independent creation, coincidence, or prior common source, then Zheng Li is entitled to a rebuttable presumption that copying occurred. "Strikingly similar" is a greater degree of similarity than "substantially similar." An accused work is substantially similar to an original piece if an ordinary observer would conclude that the accused work's creator unlawfully took protectable material of substance and value from the original piece. Even if there is little similarity between the pieces, the accused work can still be substantially similar if the copied parts from the original piece are the important quality. A "rebuttable presumption" means that you assume that copying occurred unless Somerset, Editions Limited West, and Z Gallerie prove that it didn't happen.

If Zheng Li shows (1) that Hugo Arts had access to the copyrighted material and that there is substantial similarity between the two works, or (2) that the works are strikingly similar, then the burden of proof shifts to Somerset, Editions Limited West, and Z Gallerie to prove that "Piano Coloratura" is an independent creation – not a copy. Proof that a work is an independent creation overcomes a presumption of copying.

44

<u>Authority</u>:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.18 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 21

**Copyright – Infringement – Substantial Similarity**

Having discussed access, I'll now discuss the issue of substantial similarity.

Mr. Li must prove that the "Piano Coloratura" work of Somerset, Editions Limited West, and Z Gallerie is substantially similar to his copyrightable expression in the copyrighted work "Piano No. 9." The accused "Piano Coloratura" work of Somerset, Editions Limited West, and Z Gallerie is substantially similar in expression to Zheng Li's "Piano No. 9" if an ordinary observer would conclude that Somerset, Editions Limited West, and Z Gallerie or Hugo Arts who created and supplied the "Piano Coloratura" to them unlawfully took Zheng Li's protectable expression by taking material of substance and value.

Even if the degree of similarity between Zheng Li's copyrighted work and the accused work of Somerset, Edition Limited West, and Z Gallerie is small in quantity, you can still find that there's substantial similarity if the copied portions of Zheng Li's copyrighted work are important in quality.

But if the copying is minimal or trivial, you shouldn't find infringement.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.19 (2013).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 22

### Copyright – Defenses – Independent Creation

As a defense, Somerset, Edition Limited West, and Z Gallerie assert that the accused "Piano Coloratura" was created independently – without copying Zheng Li's copyrighted work.  The burden of proof falls on Somerset, Edition Limited West, and Z Gallerie to prove by a preponderance of the evidence that "Piano Coloratura" was created independently by Hugo Arts.

If you find by a preponderance of the evidence that the accused "Piano Coloratura" was created independently, you should find in its favor.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.24 (2013).

## VI.   DAMAGES

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23

### Copyright – Damages – General Charge

If you find that Zheng Li has failed to prove his copyright-infringement claim or that Somerset, Editions Limited West, and Z Gallerie have proved their defenses by a preponderance of the evidence, you won't consider the question of damages. If you find that Zheng Li has proved by a preponderance of evidence that Somerset, Editions Limited West, and Z Gallerie infringed Zheng Li's copyright, and that Somerset, Editions Limited West, and Z Gallerie have not proved a defense, you must determine whether Zheng Li is entitled to recover damages.

Zheng Li seeks to recover the profits of Somerset, Editions Limited West, and Z Gallerie.  I'll now define how you must determine the amount of damages, if any, to award to Zheng Li.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.30 (2013).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24

## COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS  (17 U.S.C. § 504(b))

If you find plaintiff Zheng Li is the copyright owner and defendants Somerset, Editions Limited West, and Z Gallerie infringed Zheng Li's copyrighted work, as the copyright owner Zheng Li is entitled to any profits attributable to the infringement.

Profits are determined by deducting all expenses from gross revenue. Gross revenue is all of defendant's receipts from the use or sale of a work containing or using the copyrighted work.  Expenses are all overhead and production costs incurred in producing the gross revenue.

Unless you find that a portion of the profit from the use or sale of a product or work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, the total profit is attributable to the infringement.

Plaintiff Zheng Li has the burden of proving gross revenue by a preponderance of the evidence.  Defendants Somerset, Editions Limited West and Z Gallerie have the burden of proving the expenses and portion of the profits attributable to factors other than the copyrighted work by a preponderance of the evidence.

<u>Authority</u>:

3B Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions, § 160.91 (2013).  *See* Local Rule 51.1 B ("Requests should be drawn from the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and O'Malley's Federal Jury Practice and Instructions whenever possible.").

Dated:  April 14, 2015.

TROUTMAN SANDERS LLP

/s/ Lindsay M. Henner
John M. Bowler
Georgia Bar No. 071770
john.bowler@troutmansanders.com
Lindsay Mitchell Henner
Georgia Bar No. 272310
lindsay.henner@troutmansanders.com
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
(404) 885-3000
(404) 885-3995 (facsimile)

*Attorneys for Plaintiff Zheng Li*