## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ZHENG LI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 1:12-cv-03523-LMM |
| v. | ) | |
| | ) | |
| THE AFFORDABLE ART COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF AND DEFENDANTS' JOINT SUBMISSION OF PROPOSED JURY CHARGES

Plaintiff and Defendants jointly submit the following list of proposed jury

charges.  The parties have agreed to Charges 1-16 and 31, and have presented

opposing versions of Charges 17-22.  Charges 23-30 represent those instances in

which one party has submitted a charge to which the other party has not submitted

a counter charge.  The parties reserve their rights to object to all charges that are

not listed as joint.

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 1**

**Introduction**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.1 (2013).

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 2

**The Duty to Follow Instructions—Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.2.2 (2013).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 3**

**Consideration of Direct and Circumstantial Evidence;**

    **Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

<u>Authority</u>:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.3 (2013).

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 4

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

<u>Authority</u>:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.4 (2013).

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 5

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.5.1 (2013).

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 6

**Responsibility for Proof – Plaintiff's Claims– Preponderance of the Evidence**

In this case it is the responsibility of Zheng Li to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Li's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Mr. Li on his claim. .

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Mr. Li's claim by a preponderance of the evidence, you should find for the defendants as to that claim.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.7.1 (2013).

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 7

**Responsibility for Proof – Affirmative Defense**

**Preponderance of the Evidence**

In this case, the Defendants assert the affirmative defense of independent creation and statute of limitations. Even if Mr. Li proves his copyright claim by a preponderance of the evidence, the defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the defendants do not have to disprove Mr. Li's claims, but if the defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.7.2 (2013).

**DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO.  7B**

**3.7.2 Responsibility for Proof – Affirmative Defense**
**Preponderance of the Evidence[1]**

In this case, the Defendants assert the affirmative defenses of statute of limitations, and failure to mitigate damages. Even if the Zheng Li proves his claim by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants do not have to disprove the Plaintiff's claim, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

---

[1] 11th Circuit Pattern Jury Instruction § 3.7.2.

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 8

**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.8.1 (2013).

12

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 9

**Election of Foreperson/Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

<u>Authority</u>:

Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction No. 3.9 (2013).

## JOINT PROPOSED JURY INSTRUCTION NO. 10

**Copyright – Validity**

To establish infringement, Zheng Li must prove two things:

First, you must find that Mr. Li owned a valid copyright.

And second, you must find that the work reproduced, distributed or sold by Somerset Studios, Editions Limited West, and Z Gallerie copied the original components of Mr. Li's work.

I'll begin with instructions on validity and then explain ownership and infringement. After that I'll explain defenses and remedies.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.1 (2013).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 11**

**Copyright – Validity – Originality**

To qualify for copyright protection, the claimed work must be original to the author. "Original" means only that the author independently created the work – the author didn't copy it from other works – and it possesses at least a minimal degree of creativity.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.2 (2013).

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 12

**Copyright – Validity – How Obtained (For Use Where No Presumption of Validity Applies)**

Copyright automatically exists in a work the moment it is created. The owner may register the copyright by depositing a copy of the copyrighted work in the Library of Congress's Copyright Office. After determining that the material is copyrightable and that legal and formal requirements have been satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner. There's no administrative investigation on the originality or uniqueness of the work or a determination of the claim's validity. A certificate of copyright registration is refused only if the work falls outside the broad category of matter eligible for copyright registration.

So while the existence of a copyright registration may create some presumption that a work is indeed entitled to copyright protection, the fact that a copyright registration has been issued doesn't conclusively establish whether the work is entitled to copyright protection.

In this case, Zheng Li's copyright isn't entitled to a presumption of validity. He has the burden of establishing by a preponderance of the evidence that he owns a valid copyright.

<u>Authority</u>:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.7 (2013).

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 13

**Copyright – Validity – Ideas and Expression**

Copyright protection doesn't extend to all the elements of a copyrighted work. Elements covered by the copyright protection are called "protected matter," and non-covered elements are "unprotected matter." Because unprotected matter isn't entitled to copyright protection, another author may copy it.

There are various types of unprotected matter. They include:

• a portion of the work that isn't original to the author;

• a portion of the work that's in the public domain; and

• an idea, concept, principle, discovery, fact, actual event, process, or method contained in a work

A work that's "in the public domain" is one that does not have copyright protection, so anyone may use all or part of it in another work without charge.

In copyright law, it's important to distinguish between the ideas in a work and the author's expression of the ideas. The ideas in a work are unprotected matter. But an idea must be expressed in some way, and the expression or means of expression of an idea is protected matter.

For example, copyright law doesn't protect the idea of a determined captain hunting a giant whale. But copyright law does protect the particular expression of this idea in the book *Moby-Dick*.

Put another way, the author of a work has no exclusive right to the underlying ideas, concepts, principles, discoveries, facts, actual events, processes, or methods contained in a work. But the author's copyright does extend to the means by which those are expressed, described, depicted, implemented, or otherwise communicated in the work.

If you find that Zheng Li is seeking copyright protection in:

- a portion of a work that isn't original to the author;

- a portion of the work that's in the public domain; or

- an idea, concept, principle, discovery, fact, actual event, process, or method expressed or described in a work,

you should exclude that material from the protected matter Zheng Li's copyright infringement claim can be based on.

<u>Authority</u>:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.10 (2013).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO.  14**

**Copyright – Validity – The Merger Doctrine**

Copyright law provides that an author can usually copy unprotected matter but not copy the manner another author selected for expressing a particular matter. But there's an exception to this prohibition if there's only one way, or only a few ways, of expressing the ideas or other unprotected matter in a work. In such cases, an author may copy the expression in the work to the extent necessary to express the unprotected matter. Defendants claim that this exception applies in this case.

This exception is called the "merger doctrine" because when there is only one way of expressing unprotected matter, the expression is said to have "merged" with the unprotected matter. The merger doctrine can apply to any unprotected matter such as ideas, facts, or events. The doctrine can apply to literal text, such as when facts can be effectively expressed only by using specific words or a limited range of words. The merger doctrine can also apply to non-literal elements of a literary work, such as when it's necessary to recount factual events in the same order as another work to present historical facts accurately and intelligibly.

The merger doctrine also applies to pictorial, graphic, and sculptural works, such as when there are a limited number of ways of representing certain sorts of objects. For example, a sculpture that depicts a mermaid will necessarily have

certain similarities to other sculptures of mermaids. It will have a female human's

head, arms, and torso, and the tail of a fish. These necessary similarities among

sculptures of mermaids can't, under the merger doctrine, be the basis for a finding

of infringement because copyright law would then protect the idea of a mermaid.


<u>Authority</u>:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.11
(2013).

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 15

**Copyright – Ownership – General Charge**

Now that I've explained validity, we'll move to the issue of ownership.

Zheng Li must prove ownership of a copyright in "Piano No. 9" by a preponderance of the evidence. Mr. Li can prove ownership by evidence showing that he is an author (or creator) of the work and didn't transfer to another the exclusive rights being asserted.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.12 (2013).

**JOINT PROPOSED FINAL JURY INSTRUCTION NO. 16**

**Copyright – Ownership – Individual Authorship**

Zheng Li claims ownership of *Piano No. 9* as an author of the work – the creator of the original expression in a work that is entitled to copyright protection.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.13 (2013).

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 17A**

**Copyright – Infringement – Introduction to Elements**

If you're persuaded that Zheng Li owns a valid copyright, you can consider whether Hugo Arts, who supplied the "Piano Coloratura" work to Somerset Studios, Editions Limited West, and Z Gallerie, improperly copied Zheng Li's copyrighted material. It is the burden of Zheng Li to show that Somerset Studios, Editions Limited West, and Z Gallerie infringed on his valid copyright. This is called "infringement" of a copyright.

In this case, Zheng Li claims that Somerset Studios, Editions Limited West, and Z Gallerie infringed his copyright in "Piano No. 9" by reproducing, distributing, or selling a painting or poster entitled "Piano Coloratura."  Zheng Li claims that their supplier Hugo Arts copied parts of "Piano No. 9" and included the copied material in "Piano Coloratura," and that Hugo Arts supplied "Piano Coloratura" to Somerset Studios, who sold it to customers including Editions Limited West, and Z Gallerie, who sold and distributed "Piano Coloratura" as prints and posters.  To succeed on this claim, Zheng Li must prove that Hugo Arts copied the parts of Zheng Li's copyrighted work that the law protects, and that Somerset Studios, Editions Limited West, and Z Gallerie reproduced, distributed, or sold the allegedly infringing work.

There are two ways in which Zheng Li can prove a claim of copyright infringement.

First, Zheng Li can show direct evidence that Hugo Arts actually copied the copyrighted material. For example, Zheng Li could introduce believable eyewitness testimony or an admission. Such direct evidence is rare.

Or second, Zheng Li can show indirect or circumstantial evidence that Hugo Arts copied his work. For example, indirect evidence of infringement may be proof that Hugo Arts tried to get a copy of Zheng Li's work and then published a painting that is substantially similar to Zheng Li's "Piano No. 9". In general, the two elements of infringement are (1) access and (2) substantial similarity.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.17 (2013).

## DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 17B

### 9.17 Copyright – Infringement – Introduction to Elements[2]

If you're persuaded that Zheng Li owns a valid copyright, you can consider whether Defendants improperly copied Zheng Li's copyrighted material. It is the burden of Zheng Li to show that the Defendants infringed on his valid copyright. This is called "infringement" of a copyright. Zheng Li must show that Defendants infringed on his valid copyright.

In this case, Zheng Li claims that Defendants infringed his copyright in *Piano No. 9* by copying part[s] of it and including the copied material in Defendants' work, *Piano Coloratura*. To succeed on this claim, Zheng Li must prove that Defendants copied the part[s] of Zheng Li's copyrighted work that the law protects.

There are two ways in which Zheng Li can prove a claim of copyright infringement.

First, Zheng Li can show direct evidence that Defendants actually copied the copyrighted material. For example, Zheng Li could introduce believable eyewitness testimony or an admission by Defendants. Such direct evidence is rare.

---

[2] 11th Circuit Pattern Jury Instruction § 9.17.

Or second, Zheng Li can show indirect or circumstantial evidence that Defendants copied his work. For example, indirect evidence of infringement may be proof that Defendants tried to get a copy of Zheng Li's work and then published a work that is substantially similar to Zheng Li's work. In general, the two elements of infringement are (1) access and (2) substantial similarity.

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 18A**

**Copyright – Infringement – Access**

Remember, I described the two general elements of infringement as (1) access and (2) substantial similarity. I'll now discuss access in more detail.

Zheng Li can show that the creator of "Piano Coloratura," Hugo Arts, had "access" to his work by showing that Hugo Arts had a reasonable opportunity to see the work. It isn't necessary to show that Hugo Arts actually saw Zheng Li's work before creating "Piano Coloratura" if the evidence reasonably establishes that they could have seen it and could have copied it.

But you can't base a finding that Hugo Arts had access to Zheng Li's work on mere speculation, conjecture, or a guess. To support a finding of access, there must be more than just a slight possibility of access. There must be a reasonable possibility of access.

Sometimes a plaintiff can't show that someone had access to his or her work before creation of an alleged copy. In these cases, a plaintiff can still establish a rebuttable presumption of copying by showing that the material someone allegedly copied is so strikingly similar to his or her copyrighted material that the similarity is unlikely to have occurred unless there was copying.

29

Put another way, if "Piano No. 9" of Zheng Li and "Piano Coloratura" of Somerset, Editions Limited West, and Z Gallerie are so strikingly similar that a reasonable person would assume Hugo Arts copied Zheng Li's work and that there is no possibility of independent creation, coincidence, or prior common source, then Zheng Li is entitled to a rebuttable presumption that copying occurred. "Strikingly similar" is a greater degree of similarity than "substantially similar." An accused work is substantially similar to an original piece if an ordinary observer would conclude that the accused work's creator unlawfully took protectable material of substance and value from the original piece. Even if there is little similarity between the pieces, the accused work can still be substantially similar if the copied parts from the original piece are the important quality. A "rebuttable presumption" means that you assume that copying occurred unless Somerset, Editions Limited West, and Z Gallerie prove that it didn't happen.

If Zheng Li shows (1) that Hugo Arts had access to the copyrighted material and that there is substantial similarity between the two works, or (2) that the works are strikingly similar, then the burden of proof shifts to Somerset, Editions Limited West, and Z Gallerie to prove that "Piano Coloratura" is an independent creation – not a copy. Proof that a work is an independent creation overcomes a presumption of copying.

<u>Authority</u>:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.18 (2013).

**DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 18B**

**9.18 COPYRIGHT – INFRINGEMENT – ACCESS**[3]

Remember, I described the two general elements of infringement as (1) access and (2) substantial similarity. I'll now discuss access in more detail.

Zheng Li can show that Defendants had "access" to his work by showing that Defendants had a reasonable opportunity to see the work. It isn't necessary to show that Defendants actually saw Zheng Li's work before creating Defendants'

---

[3] Adapted from 11th Circuit Pattern Jury Instruction § 9.18.

Annotations: This jury instruction applies when one party accuses another party of copyright infringement by means of copying from a copyrighted work and using the copied material in another later work. It can be used where printed materials are involved or in cases involving other copyrighted material.

Because direct evidence of copying is rare, the law provides for proof by circumstantial evidence as to all necessary elements. To the extent that Plaintiff relies on circumstantial evidence as to access or similarity, however, the presumption he creates is rebuttable. If the Defendant can prove independent creation, even if the two works appear to be copies, the Plaintiff cannot recover for copyright infringement.

*Original Appalachian Artworks, Inc. v. Toy Loft, Inc.,* 684 F.2d 821, 829 (11th Cir. 1982); *Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1248 (11th Cir. 1999).

*Baby Buddies, Inc. v. Toys 'R Us, Inc.,* 611 F. 3d 1308, 1315 (11th Cir. 2010) ("A plaintiff may prove copying directly, but because direct evidence of copying is rare a plaintiff may instead rely on indirect proof."); *Corwin v. Walt Disney World Co.,* 475 F.3d 1239, 1253 (11th Cir. 2007) ("Striking similarity exists where the proof of similarity in appearance is so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded.").

own work if the evidence reasonably establishes that Defendants could have seen it and could have copied it.

But you can't base a finding that Defendants had access to Zheng Li's work on mere speculation, conjecture, or a guess. To support a finding of access, there must be more than just a slight possibility of access. There must be a reasonable possibility of access.

Sometimes a plaintiff can't show that the defendants had access to his work before defendants created an alleged copy. In that case, the plaintiff can still establish a rebuttable presumption of copying by showing that the plaintiff's work pre-dates defendants' and the material defendants allegedly copied is so strikingly similar to his copyrighted material that the similarity is unlikely to have occurred unless there was copying.

Put another way, if Zheng Li's work and Defendants' work are so strikingly similar that a reasonable person would assume Defendants copied from Zheng Li's work and that there is no possibility of independent creation, prior creation, coincidence, or prior common source, then Zheng Li is entitled to a rebuttable presumption that copying occurred. "Strikingly similar" is a greater degree of similarity than "substantially similar." An accused work is substantially similar to an original piece if an ordinary observer would conclude that the accused work's

creator unlawfully took protectable material of substance and value from the original piece. Even if there is little similarity between the pieces, the accused work can still be substantially similar if the copied parts from the original piece are the important quality. A "rebuttable presumption" means that you assume that copying occurred unless Defendants prove that it didn't happen.

If Zheng Li shows (1) that Defendants had access to the copyrighted material and that there is substantial similarity between the two works, or (2) that the works are strikingly similar, and that Zheng Li's work pre-dates Defendants' work, then the burden of proof shifts to Defendants to prove that his work is an independent creation – not a copy. Proof that a work is an independent creation overcomes a presumption of copying.  In addition, there can be no finding of access if you find that Defendants' work was created prior to Plaintiff's work.[4]

---

[4] *Pellegrino v. American Greetings Corp.*, 592 F. Supp. 459, 461-62 (D.S.D. 1984)

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 19A

**Copyright – Infringement – Substantial Similarity**

Having discussed access, I'll now discuss the issue of substantial similarity.

Mr. Li must prove that the "Piano Coloratura" work of Somerset, Editions Limited West, and Z Gallerie is substantially similar to his copyrightable expression in the copyrighted work "Piano No. 9." The accused "Piano Coloratura" work of Somerset, Editions Limited West, and Z Gallerie is substantially similar in expression to Zheng Li's "Piano No. 9" if an ordinary observer would conclude that Somerset, Editions Limited West, and Z Gallerie or Hugo Arts who created and supplied the "Piano Coloratura" to them unlawfully took Zheng Li's protectable expression by taking material of substance and value.

Even if the degree of similarity between Zheng Li's copyrighted work and the accused work of Somerset, Edition Limited West, and Z Gallerie is small in quantity, you can still find that there's substantial similarity if the copied portions of Zheng Li's copyrighted work are important in quality.

But if the copying is minimal or trivial, you shouldn't find infringement.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.19 (2013).

**DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 19B**

**9.19 Copyright – Infringement – Substantial Similarity[5]**

Having discussed access, I'll now discuss the issue of substantial similarity. Zheng Li must prove that Defendants' accused work is substantially similar to his copyrightable expression in the copyrighted work. Defendants' accused work is substantially similar in expression to Zheng Li's if an ordinary observer would conclude that Defendants unlawfully took Zheng Li's protectable expression by taking material of substance and value.

Even if the degree of similarity between Zheng Li's copyrighted work and Defendants' accused work is small in quantity, you can still find that there's substantial similarity if the copied portions of Zheng Li's copyrighted work are important in quality.

But if Defendants' copying is minimal or trivial, you shouldn't find infringement.

---

[5] 11th Circuit Pattern Jury Instruction § 9.19.

Annotations: The Eleventh Circuit's general test for substantial similarity is the "lay observer" or "ordinary observer" test, and it applies to works that can be seen or heard. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1224 n.5 (11th Cir. 2008); *Bateman v. Mnemonics Inc.,* 37 U.S.P.Q.2d 1225 (11th Cir. 1995), *vacated in part, reversed in part and remanded,* 38 U.S.P.Q.2d 1225 (11th Cir. 1996); *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir. 1982).

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 20A

**Copyright – Defenses – Independent Creation**

As a defense, Somerset, Edition Limited West, and Z Gallerie assert that the accused "Piano Coloratura" was created independently – without copying Zheng Li's copyrighted work.  The burden of proof falls on Somerset, Edition Limited West, and Z Gallerie to prove by a preponderance of the evidence that "Piano Coloratura" was created independently by Hugo Arts.

If you find by a preponderance of the evidence that the accused "Piano Coloratura" was created independently, you should find in its favor.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.24 (2013).

## DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 20B

### 9.24 Copyright – Defenses – Independent Creation[6]

As a defense, Defendants assert that the work, *Piano Coloratura*, was created independently – without copying Zheng Li's copyrighted work.  There is no copyright infringement where the defendant independently created the challenged work.

If you find by a preponderance of the evidence that Defendants' work was created independently, you should find in Defendants' favor.

---

[6] Adapted from the 11th Circuit Pattern Jury Instruction § 9.24.
Annotations: This jury instruction applies when a Defendant raises as a defense that his work's origin was of independent creation. A Defendant can fully negate any infringement claim if he can prove by a preponderance of the evidence that he independently created his work. *See Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1233 (11th Cir. 2002) (affirming district court's grant of summary judgment in favor of Defendant where Defendant presented uncontradicted evidence of independent creation, even though Plaintiff's and Defendant's works were "practically identical") (citing *Benson v. Coca-Cola Co.*, 795 F.2d 973, 975 (11th Cir. 1986) ("[U]ncontradicted evidence of independent creation… fully negat[es] any claim of infringement.")).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21A

**Copyright – Damages – General Charge**

If you find that Zheng Li has failed to prove his copyright-infringement claim or that Somerset, Editions Limited West, and Z Gallerie have proved their defenses by a preponderance of the evidence, you won't consider the question of damages. If you find that Zheng Li has proved by a preponderance of evidence that Somerset, Editions Limited West, and Z Gallerie infringed Zheng Li's copyright, and that Somerset, Editions Limited West, and Z Gallerie have not proved a defense, you must determine whether Zheng Li is entitled to recover damages.

Zheng Li seeks to recover the profits of Somerset, Editions Limited West, and Z Gallerie.  I'll now define how you must determine the amount of damages, if any, to award to Zheng Li.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.30 (2013).

## DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 21B

**9.30 Copyright – Damages – General Charge[7]**

If you find that Zheng Li has failed to prove his copyright infringement claim or that Defendants have proved their affirmative defense[s] by a preponderance of the evidence, you won't consider the question of damages. If you find that Zheng Li has proved by a preponderance of evidence that Defendants have infringed Zheng Li's copyright, and Defendants have not proved a defense, you must determine whether Zheng Li is entitled to recover damages.

The law allows a successful plaintiff to recover the actual damages suffered by Plaintiff Zheng Li as a result of the infringement.  Here, Zheng Li asserts that his damages are measured as the profits of Defendants attributable to the infringement.

In the next instruction, I'll define how you must determine the amount of damages, if any, to award to Zheng Li.

---

[7] 11th Circuit Pattern Jury Instruction § 9.30; O'Malley Federal Jury Practice and Instructions (6th Ed.) § 160:89.

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22A</u>

## COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS  (17 U.S.C. § 504(b))

If you find plaintiff Zheng Li is the copyright owner and defendants Somerset, Editions Limited West, and Z Gallerie infringed Zheng Li's copyrighted work, as the copyright owner Zheng Li is entitled to any profits attributable to the infringement.

Profits are determined by deducting all expenses from gross revenue. Gross revenue is all of defendant's receipts from the use or sale of a work containing or using the copyrighted work.  Expenses are all overhead and production costs incurred in producing the gross revenue.

Unless you find that a portion of the profit from the use or sale of a product or work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, the total profit is attributable to the infringement.

Plaintiff Zheng Li has the burden of proving gross revenue by a preponderance of the evidence.  Defendants Somerset, Editions Limited West and Z Gallerie have the burden of proving the expenses and portion of the profits attributable to factors other than the copyrighted work by a preponderance of the evidence.

<u>Authority</u>:

3B Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions, § 160.91 (2013).  *See* Local Rule 51.1 B ("Requests should be drawn from the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and O'Malley's Federal Jury Practice and Instructions whenever possible.").

**DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO.  22B**

**9.31 Copyright – Damages – Defendants' Profits[8]**

If you find Zheng Li has proven his copyright infringement claim and if you find that damages are to be awarded in this case, then Zheng Li would be entitled to recover the profits of Defendants attributable to the infringement.   Each Defendant's profits consist of the amount of money that Defendant has made due to the infringement, after deducting the Defendant's expenses attributable to the infringing work.

Where there are multiple defendants, as in this case, each defendant is separately liable for its own profits.[9]

Profits are determined by deducting all expenses, direct and indirect, from gross revenue.  Gross revenue is all of the particular Defendant's receipts from the use or sale of a work containing or using the copyrighted work.  Plaintiff has the burden of proving gross revenue by a preponderance of the evidence.[10]

Expenses are all operating, overhead, marketing and production costs incurred in producing gross revenues.  For example, direct costs include framing,

---

[8] Adapted from O'Malley Federal Jury Practice and Instructions (6th Ed.) §§ 160:89, 160:91; 9th Circuit Pattern Jury Instruction § 17.24; 17 U.S.C. § 504.

[9] *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985).

[10] O'Malley Federal Jury Practice and Instructions (6th Ed.) § 160:91.

packaging, freight costs and sales commissions attributable to the infringement.[11] Indirect costs, such as advertising and promotional expenses, rent and other showroom expenses, and salaries and benefits contributing to the production of the infringing work may also properly be deducted.[12]  Each Defendant has the burden of proving its own expenses by a preponderance of the evidence.[13]

Unless you find that a portion of the profit from the use or sale of a work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, the total profit is attributable to the infringement.

Plaintiff is not entitled to all of the Defendants' profits, but only to the part of the Defendants' profits due to the infringement.  If the Defendants' work was profitable for reasons that had nothing to do with Defendants' infringement of Plaintiff's work, then the Plaintiff is not entitled to recover those portions of Defendants' profits, because they did not result from the infringement.[14]  In this case, for example, you may consider what portion of Defendants' profits are attributable to the painting and what portion are attributable to factors other than the painting, such as the frame.

---

[11] *Folkens v. Wyland*, 2002 U.S. Dist. LEXIS 13519, at *14 (N.D. Cal. 2002).
[12] *Folkens v. Wyland*, 2002 U.S. Dist. LEXIS 13519, at *18 (N.D. Cal. 2002).
[13] Adapted from the 9th Circuit Pattern Jury Instruction § 17.24.
[14] O'Malley Federal Jury Practice and Instructions (6th Ed.) §§ 160:89.

Defendants have the burden of proving the expenses and the portion of the profits attributable to factors other than the copyrighted work by a preponderance of the evidence.[15]

You must decide what extent Defendants' sales and profits were attributable to copyright infringement, and whether Plaintiff is entitled to all of the Defendants' profits, or none of Defendants' profits, or something in between.

---

[15] O'Malley Federal Jury Practice and Instructions (6th Ed.) §§ 160:91.

[NO PROPOSED PLAINTIFF CHARGE]

**DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 23**

**3.2.3.  Inability to Compel Appearance of Chinese Nationals**

During the trial, you may hear references to or documents with the names of Stephen Chan and Yang Changhong.  The parties and this Court are not able to compel the appearance of at a trial located in the courts of the United States Stephen Chan and Yang Changhong, or other citizens of the People's Republic of China.  The People's Republic of China is the formal name of the country you may know as China.  In addition, their depositions have not been taken because under the law of the People's Republic of China, the taking of a deposition of its citizens is also prohibited.[16]  The fact that the appearances of Stephen Chan and Yang Changhong, or any other Chinese nationals, cannot be compelled to testify at this trial must not affect your decision in any way.

---

[16] *See* Dept. of State, Digest of U.S. Practice in International Law, 2000, at 160-161, *available at* http://www.state.gov/s/l/c8185.htm.

[**NO PROPOSED DEFENDANTS CHARGE**]

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 24**

**Charts and Summaries Not Received In Evidence**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority:

Ninth Circuit Manual of Model Civil Jury Instructions, Instruction No. 2.12 (2007).

[NO PROPOSED DEFENDANTS CHARGE]

## PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 25

### Charts and Summaries In Evidence

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority:

Ninth Circuit Manual of Model Civil Jury Instructions, Instruction No. 2.13 (2007). *See United States v. Johnson*, 594 F.2d 1253, 1254-55 (9th Cir.1979) (error to permit the introduction of a summary of evidence without the establishment of a foundation for the evidence). *See also* Fed. R. Evid. 1006.

[**NO PROPOSED DEFENDANTS CHARGE**]

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 26**

**Copyright – Validity – Effect of Registration**

For original works created after 1977, the work is automatically copyrighted at the moment of creation – even if the work is never registered with the United States Copyright Office.  But generally, no suit for copyright infringement can be brought if the copyright hasn't been registered.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.4 (2013).

[NO PROPOSED DEFENDANTS CHARGE]

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 27**

**Copyright – Validity – Registration – Supplemental Registration**

Supplemental registration is available to correct an error or to expand the information given in a copyright registration. Correction is appropriate if information in the basic registration was incorrect when it was made, and the error is not one that the Copyright Office itself should have recognized. Information contained in a supplemental registration adds to – but doesn't supersede – information contained in the earlier registration. Supplemental registration can be made only if a basic copyright registration for the same work has already been completed.

The Copyright Office relies on the information in the "Nature of Authorship" space on Registration Form VA as the primary source for defining the registration's scope.

Authority:

Eleventh Circuit Civil Pattern Jury Instructions, Copyright Instruction No. 9.6 (2013).

[**NO PROPOSED DEFENDANTS CHARGE**]

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTION NO. 28**

**Copyright – Infringement – Liability for Infringement**

One who reproduces, prepares derivative works from, or distributes a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

Authority:

Ninth Circuit Manual of Model Civil Jury Instructions, Instruction No. 17.0 (2007).

[NO PROPOSED PLAINTIFF CHARGE]

**DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 29**

**9.24.1  Copyright – Defenses – Prior Creation[17]**

As a defense, Defendants assert that the work, *Piano Coloratura*, was created prior to Zheng Li's copyrighted work.  There can be no infringement where the defendant's challenged work was created before plaintiff's work.

If you find by a preponderance of the evidence that Defendants' work was created before Plaintiff's work, you should find in Defendants' favor.

---

[17] Adapted from the 11th Circuit Pattern Jury Instruction § 9.24.  *See also, Pellegrino v. American Greetings Corp.*, 592 F. Supp. 459, 461-62 (D.S.D. 1984) (plaintiff's copyright infringement claim fails due to defendant's prior creation of its work).

[**NO PROPOSED PLAINTIFF CHARGE**]

**DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 30**

**9.29 Copyright – Defenses – Affirmative Defense – Statute of Limitations**[18]

Defendants claim that Zheng Li's copyright claim is barred by the statute of limitations, which is a time limit for bringing a claim.

To establish that the statute of limitations bars Zheng Li's copyright claim, Defendants must prove by a preponderance of the evidence that Zheng Li failed to file his lawsuit within three years after he knew or, in the exercise of reasonable diligence, should have known about the infringement.

Each act of infringement is a separate harm that creates an independent claim for relief. The statute of limitations only prevents Zheng Li from recovering remedies for infringing acts that occurred more than three years before Zheng Li filed his lawsuit.

---

[18] 11th Circuit Pattern Jury Instruction § 9.29.

## JOINT PROPOSED FINAL JURY INSTRUCTION NO. 31

### 10.1   Closing Instruction[19]

You will now retire to the jury room and begin your deliberations.  A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

---

[19] Adapted from the 11th Circuit Pattern Jury Instruction § 3.9.

Dated:  April 22, 2015.


/s/  *Lindsay Mitchell Henner*

John M. Bowler
Georgia Bar No. 071770
john.bowler@troutmansanders.com
Michael D. Hobbs, Jr.
Georgia Bar No. 358160
Michael.hobbs@troutmansanders.com
Puja Patel Lea
Georgia Bar No. 320796
puja.lea@troutmansanders.com
Lindsay Mitchell Henner
Georgia Bar No. 272310
lindsay.henner@troutmansanders.com
TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
(404) 885-3000
(404) 885-3995 (facsimile)


*Attorneys for Plaintiff Zheng Li*

/s/ *Rebecca Lynn Cage*

David W. Sar
North Carolina Bar No. 23533
dsar@brookspierce.com
Rebecca Lynn Cage
North Carolina Bar No. 41144
rcage@brookspierce.com
Reid L. Phillips
North Carolina Bar No. 7968
rphillips@brookspierce.com
Brooks, Pierce, McLendon,
Humphrey, & Leonard, L.L.P.
(230 North Elm Street, Suite 2000)
Post Office Box 26000
Greensboro, N.C. 27420-6000
(336) 373-8850
(336) 378-1001 (facsimile)

(Admitted Pro Hac Vice)

Leigh Wilco
Georgia Bar No. 758399
leighwilco@wncwlaw.com
Weissman, Nowack, Curry &
Wilco, P.C.
One Alliance Center – 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4514
(404) 926-4714 (facsimile)


*Attorneys for Somerset Studios
Incorporated*

/s/  *Michael A. Painter*
Michael A. Painter
painter@ikplaw.com
Isaacman, Kaufman & Painter
10250 Constellation Blvd.
Suite 2900
Los Angeles, California 90067
(310) 881-6800 - Telephone
(310) 881-6801 - Facsimile

(Admitted Pro Hac Vice)

David A. Bain
Georgia Bar No. 032449
dbain@bain-law.com
1050 Promenade II
1230 Peachtree Street, NE
Atlanta, Georgia 30309
(404) 724-9990 (phone)
(404) 724-9986 (facsimile)

*Attorneys for Defendant Editions*
*Limited West Inc. and Z Gallerie*

## **Certificate of Compliance**

I hereby certify that this memorandum, including footnotes, has been prepared in Times New Roman 14 font and complies with Local Rule 5.1.

By:    /s/ Lindsay Mitchell Henner

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF systems which will automatically send email notification of such filing to the following attorneys of record:

> Leigh M. Wilco, Esq.
> leighwilco@wncwlaw.com
> Weissman, Nowack, Curry & Wilco, P.C.

> David W. Sar, Esq.
> dsar@brookspierce.com
> Rebecca Lynn Cage, Esq.
> rcage@brookspierce.com
> Reid L. Phillips, Esq.
> rphillips@brookspierce.com
> Brooks, Pierce, McLendon, Humphrey, & Leonard, L.L.P.

> Michael A. Painter, Esq.
> painter@ikplaw.com
> Isaacman, Kaufman & Painter

> David A. Bain, Esq.
> dbain@bain-law.com
> Law Offices of David A. Bain, LLC

and I certify that a copy of the same document(s) has been served by depositing the same in the United States mail, first class, postage prepaid addressed to the following counsel who are not, to the undersigned's knowledge, registered for CM/ECF notices with this Court for this case:

Robert C. Welsh, Esq.
Drew E. Breuder, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars, Suite 700
Los Angeles, CA 90067

/s/     *Lindsay Mitchell Henner*
Lindsay Mitchell Henner